# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAFINA ROTER VELYOV,

        Plaintiff,

        -vs-                        **Case No. 14-C-71**

FRONTIER AIRLINES, and
REPUBLIC HOLDINGS,

        Defendant.

# DECISION AND ORDER

Pro se Plaintiff Dafina Roter Velyou ("Roter") seeks leave to proceed *in forma pauperis* on her action against Defendants Frontier Airlines ("Frontier") and Republic Holdings ("Republic"), Frontier's current owner. (ECF No. 2.) Roter has filed a verified Complaint and two attachments, including a copy of United States Equal Employment Opportunity Commission ("EEOC") "Dismissal and Notice of Rights" dated October 22, 2013. (ECF Nos. 1, 1-1, 1-2.)

In order to authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: First, whether the litigant is unable to pay the costs of commencing this action; and, second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i).

By her petition and affidavit to proceed *in forma pauperis,* Roter avers that she has been unemployed since August 2011, and her unemployment benefits ended in

September 2012. Roter, who is divorced and supports herself as well as two daughters, has a total monthly income of $1,380. Of that amount, she receives $750 in social security disability benefits and $630 in child support payments. She owns a 2000 Ford Explorer that she estimates is worth $2,000. She has $13.25 in cash or some type of banking account. Roter does not own a home and has monthly rent payments of $1,200. Her monthly expenses totaling $1,970[1] exceed her income by $590. Thus, this Court concludes Roter satisfies the requirements of 28 U.S.C. § 1915(a) and is unable to pay the $350 filing fee for this action.

Roter must next demonstrate that her action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir. 1993). The Court is obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

A complaint "need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief' that is also sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Windy City Metal Fabricators & Supply v. CIT Tech. Fin. Servs. Inc.,* 536 F.3d 663, 667 (7th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 [2007]; Fed. R. Civ. P. 8[a][2] ). However, to demonstrate that [s]he is entitled to relief, the plaintiff must show through [her]

---

[1] Roter's calculation of her expenses is $20 too low. The Court has corrected the addition error.

allegations that "it is plausible, rather than merely speculative, that [s]he is entitled to relief." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation omitted); see also, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Roter alleges that the Defendants violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"). She also alleges that the Defendants violated her "equal rights" and discriminated against her in violation of the Wisconsin Fair Employment Act ("WFEA"). Roter also states that her supervisors violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §1320d-2, by requiring her to send copies of her kidney transplant letter to all managers and supervisors in the Milwaukee Station.

An employee of an FMLA-qualified employer may bring an action if the employer violates 29 U.S.C. § 2615. 29 U.S.C. § 2617(a)(1). Section 2615 states that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Furthermore, with regard to "retaliation," the FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). *See King v. Preferred Technical Group,* 166 F.3d 887, 891 (7th Cir. 1999) An employer cannot use an employee's reliance on the FMLA as a "negative factor in promotion, termination, and other employment decisions." *James v. Hyatt Regency Chi.,* 707 F.3d 775, 781 (7th Cir. 2013) (citation omitted).

The Wisconsin counterpart relied upon by Roter, Wis. Stat. § 111.34(1)(b)

Case 2:14-cv-00071-PP   Filed 01/30/14   Page 3 of 7   Document 4

prohibits "[e]mployment discrimination because of disability" including "[r]efusing to reasonably accommodate an employee's or prospective employee's disability unless the employer can demonstrate that the accommodation would pose a hardship on the employer's program, enterprise or business." *See Stoughton Trailers, Inc. v. LIRC,* 303 Wis.2d 514, 735 N.W.2d 477, 485 (Wis. 2007). The WFEA also prohibits discharging someone "because he or she has opposed any discriminatory practice under this subchapter." *See* Wis. Stat. § 111.322(3).

Roter asserts that Frontier interfered with her right to take leave, harassed her and retaliated against her when she was absent from work due to illness. Roter who was a Frontier employee since 2003, began having kidney problems in 2008. In January 2010, she was in an automobile accident in Kentucky that caused her kidney function to drop to 13% and necessitated blood transfusions. On February 18, 2010, Roter applied for FMLA leave, and her application was denied.

On February 19, 2010, Roter returned to work with medical restrictions limiting her to working shifts of four to five hours for a total 20 hours per week. However, her manager, Beth Nacker ("Nacker"), indicated that she could only give Roter three weekly four to 4.5 hour shifts, and the only additional option was to work an additional eight-hour shift on Fridays. Roter could not support herself and daughters on her earnings from the 13 hours of part–time employment and, apparently, accepted the additional eight-hour shift despite her medical restrictions.

Roter applied for FMLA leave again on July 23, 2010. Barbie Butler approved Roter's leave request starting July 2010. However, on August 19, 2010,

- 4 -

Roter received an email from Eric W. Kartchner stating that she did not qualify for FMLA because her hire date was September 3, 2009. Roter recalculated her hours and on September 4, 2010, she challenged the findings regarding her hours and length of employment. On September 7, 2010, Roter received an apology and her FMLA leave request was approved.

While she was out on leave, Nacker and Jason Lehrman[2] called her several times in a row for certifications while Roter was at appointments or resting. They also wrote her up for attendance violations while she was out on FMLA leave.

During the summer months of 2011, the heating and air conditioning system in the operations tower where Roter worked kept malfunctioning causing the temperatures to drop from 75 to 52 degrees in 30 minutes. Roter got sick. On August 23, 2011, while Roter was on leave, Roter's employment was terminated because Roter had a negative attendance point balance of eight.

Liberally construed, Roter's allegations state an arguable claim for interference with, and/discrimination against her, under the FMLA, *See Spurling v. C& M Fine Pack, Inc.,* No. 13-1708, 2014 WL 107968, at *6 (7th Cir. Jan. 13, 2014), and retaliation against her based on her exercise of those rights. She also states similar claims under the WFEA.

In sum, at this preliminary stage of the proceedings, the Court concludes that there may be a basis in law and fact for Roter's claims under the FMLA and the

_____

[2] The Complaint only provides the given name; however, Jason's surname is provided in the Equal Rights Information sheet filed by Roter on November 11, 2011. (ECF No. 1-2, 15.)

WFEA, and will allow Roter to proceed on those claims. Therefore, the Court grants Roter's request to proceed in *forma pauperis*. Roter may proceed on her federal FMLA and WFEA interference, discrimination, and retaliation claims against the Defendants.

Although Roter also asserts that Frontier violated HIPPA, Congress did not create a private right of action under HIPPA. *Carpenter v. Phillip,* 419 Fed. Appx. 658, 659 (7th Cir. 2011). (unpublished decision collecting cases from other circuit courts of appeals.) Therefore, Roter's HIPPA claim is dismissed for failure to state an arguable claim for relief.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Roter's petition for leave to proceed in *forma pauperis* (ECF No. 2) is **GRANTED,** and she may proceed on her FMLA and WFEA claims of interference, discrimination and retaliation.

Roter's HIPPA claim is **DISMISSED**.

The United States Marshal must **SERVE** a copy of the Complaint and the attachments, the summons, and this Decision and Order upon Frontier and Republic pursuant to Federal Rules of Civil Procedure 4. Roter is advised that Congress requires the United States Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the United States Marshals Service

- 6 -

because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Roter is **NOTIFIED** that from now on, she is required, under Federal Rules of Civil Procedure Rule 5(a), to send a copy of every paper or document filed with the Court to the opposing parties or if the opposing party is represented by counsel to counsel for that party. See Fed. R. Civ. P. 5(b). If Roter does not have access to a photocopy machine, she may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Roter is further advised that the failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2014.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**