## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

---

DAFINA ROTER VELYOV,

      **Plaintiff,**

      **-vs-**                           **Case No.: 2:14-cv-00071-RTR**

FRONTIER AIRLINES, INC. and
REPUBLIC AIRWAYS HOLDINGS INC.,

      **Defendant.**

---

### DEFENDANT FRONTIER AIRLINES, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

---

Defendant, Frontier Airlines, Inc. ("Frontier"), by counsel, and for its Answer and Defenses to Plaintiff's Complaint, states as follows:

### I. PREVIOUS LAWSUITS

**I.A.** **Have you begun other lawsuits in state or federal court relating to the same occurrence involved in this action? Yes.**

**ANSWER:** Frontier is without sufficient information or knowledge to admit or deny the allegations contained in paragraph I.A. of Plaintiff's Complaint and as a result denies the same.

**I.B.** **Have you begun other lawsuits in state or federal court? No.**

**ANSWER:** Frontier is without sufficient information or knowledge to admit or deny the allegations contained in paragraph I.B. of Plaintiff's Complaint and as a result denies the same.

**I.C.** If your answer to A or B was YES, provide the requested information below. If there is more than one lawsuit, describe each additional one on a separate sheet of paper, using the same outline.

      **I.C.1. Parties to the previous lawsuit:**

            **Plaintiff(s)**    **Dafina Roter**

                       **26151 S. Windlake Rd., Windlake, WI 53815**

            **Defendant(s) Frontier Airlines/Republic Holdings**

**ANSWER:** Frontier is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs I.C. and I.C.1. of Plaintiff's Complaint and as a result denies the same, except that it admits that the proper names for the Defendants in this action are Frontier Airlines, Inc. and Republic Airways Holdings Inc.

      **I.C.2. Court in which lawsuit brought (if federal court, name district: if state court, name the county)**

**ANSWER:** Frontier is without sufficient information or knowledge to admit or deny the allegations contained in paragraph I.C.2. of Plaintiff's Complaint since Plaintiff did not answer the above question and as a result denies the same.

      **I.C.3. Docket number: EEOC Charge No. 26G-2012-01173**

**ANSWER:** Frontier is without sufficient information or knowledge to admit or deny the allegations contained in paragraph I.C.3. of Plaintiff's Complaint because EEOC Charge No. 26G-2012-01173 is a reference to a charge filed with the U.S. Equal Employment Opportunity Commission ("EEOC"), and not a lawsuit, and as a result denies the same.

      **I.C.4. Current status (for example: Was the case dismissed? Was it appealed? Is it still pending)? They want (the EEOC) to throw it out/close case.**

**ANSWER:** Frontier denies the allegations contained in paragraph I.C.4. of Plaintiff's Complaint, except that it admits that on October 22, 2013, the EEOC provided to Plaintiff a Dismissal and Notice of Rights on EEOC Charge No. 26G-2012-01173 ("Dismissal and

- 2 -

Notice"), which Dismissal and Notice advised Plaintiff that the EEOC closed its file on the charge for the following reason:  "The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge."  Frontier also admits that on January 17, 2013, the State of Wisconsin, Department of Workforce Development, issued to Plaintiff its "Initial Determination – No Probable Cause" on ERD Case No. CR201201724/EEOC Case No. 26G201201173C, thereby dismissing the complaint.

**I.C.5.  Approximate date of filing lawsuit:  11/1/11; 4/24/12; 5/31/12; 6/1912; 7/4/12; and 12/10/12.**

**ANSWER:**    Frontier is without sufficient information or knowledge to admit or deny the allegations contained in paragraph I.C.5. of Plaintiff's Complaint and as a result denies the same.

**I.C.6.  Approximate date of disposition.**

**ANSWER:**    Frontier is without sufficient information or knowledge to admit or deny the allegations contained in paragraph I.C.6. of Plaintiff's Complaint since she did not answer the above question and as a result denies the same.

## II.  PARTIES

**II.A.    Your name (PLAINTIFF)   Dafina A. Roter Velyov**

**ANSWER:**    Frontier is without sufficient information or knowledge to admit or deny the allegations contained in paragraph II.A. of Plaintiff's Complaint and as a result denies the same.  Frontier last knew Plaintiff's name to be "Dafina A. Roter."

**II.B.    Your Address and Phone Number:  414-241-6674; 26151 S. Windlake Road, Windlake, WI  53185.**

**ANSWER:**    Frontier is without sufficient information or knowledge to admit or deny the allegations contained in paragraph II.B. of Plaintiff's Complaint and as a result denies the same.

**II.C.  DEFENDANT (name):  Frontier Airlines/Republic Holdings**

**ANSWER:**  Frontier denies the allegations contained in paragraph II.C. of Plaintiff's Complaint, except that it admits that Plaintiff appears to bring this lawsuit against two (2) separate and distinct entities:  Frontier Airlines, Inc. and Republic Airways Holdings Inc.

**II.D.  Defendants address:  Frontier Center One, 7001 Tower Road, Denver, CO**

**ANSWER:**  Frontier denies the allegations contained in paragraph II.D. of Plaintiff's Complaint, except that it admits that Frontier's corporate headquarters' address is Frontier Center One, 7001 Tower Road, Denver, CO 80249-7312.

**II.E.  Additional DEFENDANTS (names and addresses)**

**ANSWER:**  Frontier is without sufficient information or knowledge to admit or deny the allegations contained in paragraph II.E. of Plaintiff's Complaint since Plaintiff did not answer the above question and as a result denies the same.

## III.  STATEMENT OF CLAIM

**III.  State briefly as possible the *essential facts* of your case.  Tell what each defendant did to you that caused you to file this suit against them.  If you are complaining about more than one wrong, use a separate numbered paragraph for each wrong, and describe each wrong in that paragraph and only that paragraph.  State only the facts.  *Do not give any legal theories or arguments, do not cite any cases or statutes.  Do not feel you have to use all the space.*  USE NO MORE THAN THE SPACE PROVIDED.  THE COURT STRONGLY DISAPPROVES OF STATING CLAIMS OUTSIDE THE SPACE PROVIDED.**

` **Begin statement of claim:  I am pursuing the claim against Frontier Airlines for three reasons:**

**1.  Family and Medical Leave Complaint;**

**2.  Equal, Rights; and**

**3.  Discrimination Complaint under WI Fair Employment Law.**

**And I have got nowhere with the State and not retaining a lawyer due to income and severe health issues.**

Frontier Airlines interfered with my right to take leave, harassed and retaliated against me when I was out ill. They violated (Beth Nacker), Manager of Operations Tower, HIPPA Laws – making me send copies of my kidney transplant letter to all managers and supervisors in the Milwaukee Station and Denver HR – who were the only ones to view it by law. When returning to work after leave for kidney failure and blood transfusions in the hospital I was put on a work restriction as of 2/19/10 due to my high BP due to the kidney failure and our high stress jobs of 20 hrs. a week, 4-5 hour shifts only. Beth Nacker claimed she could only give me 3 days a week at 4 to 4.5 hrs. which was only 13 hrs. a week.

Financially, I could not support myself and my 2 daughters on that. She said my only other option was Fridays – 8 hour day or NOTHING, my DR restriction didn't matter to her and I needed the $. I worked these 8 hour on Fridays under restriction and recovery from 2-19-10 until August of 2011 when terminated.

Since I returned that day, had restrictions and was out on and off for being sick. My manager, Beth Nacker, started to interfere and retaliate against me.

I was an original Midwest Airlines Employee since 9/8/03, single mother of 2 girls. I started as a ticket counter agent with no experience, moved up to a lead/fill-in supervisor position a year later, became a Ground Security Coordinator, a fill-in for the Operations Tower, then went up to strictly the Operations Tower as a part-time agent. I had FMLA approved in 2008 and was out for kidney issues. January 28, 2010, I was in a bad car accident in Kentucky, made my kidney function drop down to 14%, blood transfusions, etc. I applied again for FMLA on 2/18/10, and was denied. Frontier claimed I only had 1106.75 hours. I was told by my Manager to work more! I applied again on 7/23/10 and was approved starting July 2010 from Barbie Butler, Leave of Absence Assistant then. On 8/19/10 I received an e-mail from Eric W. Kartchner, LOA Coordinator stating that I DID NOT qualify for FMLA because my hire date was 12/1/2009. I began Employment on 9/3/03 – 7 years, employed with them even through all of the transitions of owners. I went home, calculated my hours and on 9/4/10, I challenged my hours and length of employment. On 9/7/10 I received an apology and FMLA approval from HR stating I had a calc. of 1119 hours – which was still wrong if I had 1106.75 in Feb. 2010.

With FMLA approved, I was harassed while out on leave. Beth and Jason calling for certifications to be done, calling several times in a row while I was at appointments or resting, writing me up for attendance when it should of went under my FMLA hours. I was terminated through the mail while out on FMLA. *See attached termination papers, phone records, doctor excuses and HR approval.

In June, July, and August of 2011, the HVAC System in our Operations Tower kept going down – temperature at work (in _____ box) would drop from 75º to 52º in 30 minutes. *See attached Equal Rights Complaint Process Information Sheet dated 05/31/12.

**ANSWER:** Plaintiff failed to follow Fed. R. Civ. P. 10(b) when drafting Section III. of

her Complaint, her "Statement of Claim," or the instructions found on the Pro Se Form that she

used to assert her claims in this case. Plaintiff's failure to "use a separate **numbered** paragraph for each wrong," (emphasis in Pro Se form) makes it difficult, if not impossible, for Frontier to answer the factual allegations asserted by Plaintiff in the Statement of Claim section of her Complaint in a logical and meaningful fashion. That being said, Frontier denies the allegations contained in Section III of Plaintiff's Complaint, except that it admits that Plaintiff purports to bring claims alleging that Defendants violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), violated her "equal rights" and discriminated against her in violation of the Wisconsin Fair Employment Act ("WFEA") and violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d-2.[1]

Frontier further admits the following contained in Section III of Plaintiff's Complaint: (1) Plaintiff was an original Midwest Airlines employee since her hire date on September 8, 2003; (2) Plaintiff became a Frontier employee prior to the termination of her employment; (3) Plaintiff's employment with Frontier terminated on August 23, 2011; (4) Plaintiff applied for and on September 7, 2010, was approved to take intermittent leave under Wisconsin's state law Family and Medical Leave Act (she had worked more than 1,000 hours but less than 1,250 hours in the preceding 52 weeks/12 month); and, (5) Plaintiff held numerous positions with Midwest and Frontier during her employment, the last position being in Frontier's Operations Tower in Milwaukee as a part-time agent.

Frontier is without sufficient information or knowledge to admit or deny the following allegations contained in Section III of Plaintiff's Complaint and as a result denies the same:

- When returning to work after leave for kidney failure and blood transfusions in the hospital, I was put on a work restriction as of 2/19/10 due to my high BP due to the

---

[1] Frontier notes that on January 30, 2014, the Court dismissed Plaintiff's HIPAA claim. [Doc. 4]. Frontier likewise acknowledges that the Court already ruled that, as of January 30, 2014, Plaintiff proceeds in this case only on "her federal FMLA and WFEA interference, discrimination and retaliation claims against the Defendants." (*Id.*, at p. 6).

kidney failure and our high stress jobs of 20 hrs. a week, 4-5 hour shifts only.

- Beth Nacker claimed she could only give me 3 days a week at 4 to 4.5 hrs. which was only 13 hrs. a week.
- [Plaintiff is a] single mother of 2 girls.
- I had FMLA approved in 2008 and was out for kidney issues.
- January 28, 2010, I was in a bad car accident in Kentucky, made my kidney function drop down to 14%, blood transfusions, etc.

All other allegations in Section III of Plaintiff's Complaint, if not explicitly admitted, are hereby denied.

## IV. <u>RELIEF YOU REQUEST</u>

IV. **Find Frontier Airlines guilty of interfering with my right to take leave, interfere and retaliate against me. Money compensation since there are [sic] no longer employment in WI for Frontier Airlines.**

<u>**ANSWER:**</u> In response to the allegations contained in Section IV. of Plaintiff's Complaint, and to the extent that Plaintiff asserts that she is entitled to damages under the FMLA, WFEA or any other legal basis, Frontier specifically denies that Plaintiff is entitled to any of the relief afforded by these statutes or any other relief in this matter. Otherwise, Frontier denies the allegations contained in Section IV. of Plaintiff's Complaint.

## <u>DEFENSES/AFFIRMATIVE DEFENSES</u>

For its Defenses/Affirmative Defenses to Plaintiff's Complaint, Defendant states as follows:

1. Plaintiff's Complaint, in whole or in part, and as to the FMLA claim at the very least, fails to state a claim upon which relief can be granted because any alleged act or omission by Frontier was taken or made in good faith within the meaning of 29 U.S.C. § 2617(a)(1)(A)(iii) and Frontier had reasonable grounds for believing that any alleged act or omission was not a violation of the FMLA.

2.     Plaintiff's claim under the FMLA stands barred, in whole or in part, because it was not brought within the time prescribed by law from the date on which her cause of action, if any, accrued.

3.     Plaintiff's claim under the FMLA stands barred by the applicable statute of limitations because any action or inaction taken with respect to Plaintiff by Frontier was taken in good faith and was not willful, intentional or done with reckless disregard for Plaintiff's rights, if any, under any state or federal statute or common law.

4.     Plaintiff's disability discrimination claim is barred, in whole or in part, for the reason that: (a) the Court holds no federal jurisdiction over an WFEA claim since the statute only affords appeal rights via an appeal to a Wisconsin state court after all administrative procedures have been exhausted; and, (b) to the extent that Plaintiff brings this claim under the ADA, the conditions precedent to the institution of this action have not been fulfilled in that this action may not have been brought within ninety (90) days of the EEOC's issuance of the October 22, 2013, Dismissal and Notice of Rights issued on Plaintiff's Charge of Discrimination, EEOC Charge No. 26G-2012-01173.

5.     Plaintiff's WFEA claim is barred, in whole or in part, for the reason that the charge on which it is based was not filed within the time prescribed by law from the date on which the cause of action (if any) accrued.

6.     Plaintiff's claims for compensatory and punitive damages are barred because Frontier made a good faith effort, in consultation with Plaintiff and/or her representatives, to identify and make a reasonable accommodation that would provide her with an equally effective opportunity to accommodate her alleged condition within the meaning of 42 U.S.C. § 1981a(a)(3) and any similar provision under the WFEA.

7.      To the extent that Plaintiff seeks punitive damages, the same is barred because Frontier made a good-faith effort to prevent any alleged discrimination in the workplace.

8.      Plaintiff's claims for punitive damages (if asserted) are barred because any action or inaction taken with respect to Plaintiff was taken in good faith and was not willful, intentional or done with reckless disregard for Plaintiff's rights, if any, under any state or federal statute or common law.

9.      To the extent that any alleged discrimination and/or retaliation was a motivating factor in any adverse employment action taken against Plaintiff, the same action would have been taken in the absence of such motivating factor.

10.     While Defendants deny that Plaintiff is entitled to recover any damages from them; alternatively, Plaintiff has failed to mitigate his alleged damages.

11.     Frontier expressly reserves the right to raise additional defenses/affirmative defenses as discovery progresses.

WHEREFORE, Defendant, Frontier Airlines, Inc., by counsel, requests that Plaintiff take nothing by way of Plaintiff's Complaint, that Frontier be awarded their costs herein, including reasonable attorneys' fees, and that it be granted all other relief that the Court deems proper.

Respectfully submitted,

s/ David J. Carr
David J. Carr, Attorney No. 4241-49
ICE MILLER, LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com

Attorneys for Defendant, Frontier Airline, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2014, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, and forwarded a copy of this filing via United

States, first-class mail, to the following:

> Dafina Roter Velyov
> Plaintiff Pro Se
> 26151 S. Windlake Road
> Windlake, Wisconsin  53185

s/ David J. Carr

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax:    (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

I/3545493.1