**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**DAFINA A. ROTER VELYOV,**

        Plaintiff,

        -vs-                                         Case No. 14-C-71

**FRONTIER AIRLINES, and
REPUBLIC AIRWAYS HOLDINGS,**

        Defendants.

# DECISION AND ORDER

Pro se Plaintiff Dafina A. Roter Velyov ("Roter Velyov")[1] filed an action seeking leave to proceed *in forma pauperis* against Defendants Frontier Airlines ("Frontier") and Republic Holdings ("Republic"), whom she identified as Frontier's current owner. (ECF No. 2.) By a Decision and Order dated January 30, 2014, the Court granted Roter Velyov's motion, allowing her to proceed on Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA") and Wisconsin Fair Employment Act ("WFEA") interference, discrimination, and retaliation claims against the Defendants; and dismissing claims for alleged violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §1320d-2; and directing the United States Marshals Service to serve the Defendants. (ECF No.

---

[1] Given that the plaintiff signs her papers as Dafina A. Roter Velyov, the Court refers to her as Roter Velyov. This reflects a change from the Court's previous Decision and Order.

4.) Both Defendants were served on March 20, 2014. (ECF Nos. 6, 7.)

On March 28, 2014, Roter Velyov filed a motion to substitute party stating that the United States Marshal effected service upon Republic by serving Jalem Getz ("Getz"). (ECF No. 8.) She relates that a very upset Getz called Roter Velyov, informing her that Republic is a real estate company and that Republic had never employed Roter Velyov. Rotor Velyov states she intended to name Republic Airways Holdings, Inc. ("RAH") as the current owner of Frontier, not the real estate company. She requests that RAH be substituted as a defendant in this action for the wrongly named Republic.

Rule 15(a)(1) of the Federal Rules Civil Procedure provides that a party may amend its pleadings as a matter of course within 21 days of service. While Roter Velyov's motion was filed less than 21 days from the date that the Defendants were served, she intends to correct the name of the Defendant to RAH – the current owner of Frontier – instead of Republic and, other than the similarity of their names, RAH and Republic are unrelated businesses. Thus, despite the timing of Roter Velyov's motion, leave of the Court is required to add a new Defendant. *See Williams v. U. S. Postal Serv.,* 873 F.2d 1069, 1073 n.2 (7th Cir. 1989); *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 736 (7th Cir. 1986);[2] *see* Fed. R. Civ. P. 21 (stating in pertinent part, "On motion or on its own, the court may at any time, on just terms, add or drop a party.")

Roter Velyov filed exhibits with her Complaint that, in retrospect, reveal

---

[2] *Compare Jones v. Coleman Co.,* 39 F.3d 749, 753-54 (7th Cir. 1994).

confusion about the name of the current owner of Frontier. An Equal Rights Complaint Process Information Sheet dated November 01, 2011, lists RAH as a possible owner of Frontier. (ECF No. 1-2 at 14.) However, other Equal Rights Complaint Process Information Sheets dated July 12, and May 13, 2012, list Republic. (*Id.* at 23, 25.) There are also two emails dated August 15 and 16, 2011, from Barbie Butler, Leave of Absence Coordinator for RAH. (*Id.* at 3-4.) Early on, had it anticipated the problem, the Court could have directed Roter Velyov to clarify the proper name of the intended defendant before allowing her to proceed with this action.

Given Roter Velyov's pro se *in forma pauperis* status, her confusion about the proper owner of Frontier, and her reliance on the United States Marshals Service to effect service of process on her behalf, the Court will allow Roter Velyov to substitute RAH as a Defendant in place of the improperly named Defendant, Republic. Republic is dismissed from this action. The United States Marshal will be directed to serve RAH. The Court will also direct the Clerk of Court send a copy of this Decision and Order to Republic c/o Getz.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Roter Velyov's motion to substitute RAH for Republic as a Defendant in this action (ECF No. 8) is **GRANTED**;

Republic is **DISMISSED** from this action;

The United States Marshal must **SERVE** a copy of the Complaint and the

attachments; the summons; the Court's January 30, 2014, Decision and Order; and this Decision and Order upon RAH pursuant to Federal Rules of Civil Procedure 4. Roter Velyov is advised that Congress requires the United States Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the United States Marshals Service because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

The Clerk of Court is directed to send a copy of this Decision and Order to Republic c/o Getz.

Dated at Milwaukee, Wisconsin, this 7th day of April, 2014.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**