UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION
_____

**DAFINA ROTER VELYOV,**

    **Plaintiff,**

  -vs-                                     Case No.: 2:14-cv-00071-RTR

**FRONTIER AIRLINES, INC. and
REPUBLIC AIRWAYS HOLDINGS INC.,**

    **Defendants.**

_____

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**
_____

Plaintiff Dafina Roter Velyov ("Roter") fails to state claims upon which relief may be granted on her Wisconsin Fair Employment Act inference, discrimination and retaliation claim ("WFEA claim").[1] Roter's WFEA claim fails because the WFEA does not create a private cause of action beyond those particular factual circumstances examined in *Yanta v. Montgomery Ward & Company*, 224 N.W.2d 389 (Wis. 1974), and circumscribed by *Bachand v. Connecticut General Life Insurance*, 305 N.W.2d 149 (Wis. Ct. App. 1981), which particular factual circumstances do not exist here. Therefore, Defendants stand entitled to judgment on the pleadings on Plaintiff's WFEA claim.

---

[1] Per the Court's January 30, 2014, Decision and Order, Roter proceeds in this case only on "her federal FMLA and WFEA interference, discrimination, and retaliation claims against the Defendants." (Decision and Order, at p. 6 (Doc. 4).

## I.   PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

Roter filed her lawsuit on January 21, 2014. (Doc. 1).[2] In her Complaint Roter alleged that Defendants violated the federal Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") and discriminated against her in violation of Wisconsin's Fair Employment Act, 111.31, Wis. Stats. ("WFEA"). Roter also alleged that her supervisors violated the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d-2 ("HIPAA"), by requiring her to send copies of her kidney transplant letter to all managers and supervisors in the Milwaukee Station. (Decision and Order, at p. 3 (Doc. 4)).

On January 30, 2014, dismissing Roter's HIPAA claim, the Court held:

> In sum, at this preliminary stage of the proceedings, the Court concludes that there may be a basis in law and fact for Roter's claims under the FMLA and the WFEA, and will allow Roter to proceed on those claims. . . .  Roter may proceed on her federal FMLA and WFEA interference, discrimination, and retaliation claims against the Defendants.

(*Id.*, at pp. 5-6).

Liberally construing the allegations and facts included in Roter's Complaint, the Court found Roter to have plead the following facts in her Complaint:

> Roter asserts that Frontier interfered with her right to take leave, harassed her and retaliated against her when she was absent from work due to illness. Roter who was a Frontier employee since 2003, began having kidney problems in 2008. In January 2010, she was in an automobile accident in Kentucky that caused her kidney function to drop 13% and necessitated blood transfusions. On February 18, 2010, Roter applied for FMLA leave, and her application was denied.
>
> On February 19, 2010, Roter returned to work with medical restrictions limiting her to working shifts of four to five hours for a total 20 hours per week. However, her manager, Beth Nacker ("Nacker"), indicated that she could only give Roter three weekly four to 4.5 hour shifts, and the only additional option was to work an additional eight-hour shift on Fridays. Roter could not support herself and daughters on her earnings from the 13 hours of part-time employment and,

---

[2] The Court granted Roter leave to substitute RAH as a named defendant in this case on April 4, 2014. (*See* April 4, 2014, Decision and Order [Doc. 13]).

apparently, accepted the additional eight-hour shift despite her medical restrictions.

Roter applied for FMLA leave again on July 23, 2010. Barbie Butler approved Roter's leave request starting July 2010. However, on August 19, 2010, Roter received an e-mail from Eric W. Kartchner stating that she did not qualify for FMLA because her hire date was September 3, 2009. Roter recalculated her hours and on September 4, 2010, she challenged the findings regarding her hours and length of employment. On September 7, 2010, Roter received an apology and her FMLA leave request was approved.

While she was out on leave, Nacker and Jason Lehrman called her several times in a row for certifications while Roter was at appointments or resting. They also wrote her up for attendance violations while she was out on FMLA leave.

During the summer months of 2011, the hearing and air conditioning system in the operations tower where Roter worked kept malfunctioning causing the temperatures to drop from 75 to 52 degrees in 30 minutes. Roter got sick. On August 23, 2011, while Roter was on leave, Roter's employment was terminated because Roter had a negative attendance point balance of eight.

(*Id.*, at pp.4-5).

## II. STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief against the defendant. *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2012). The purpose of this rule is to provide the defendant with fair notice of the claims against the defendant and the grounds supporting them. *Id.* After the pleadings are closed, any party may move for judgment on the pleadings within such time as not to delay trial. Fed. R. Civ. Proc. 12(c). Similar to a motion to dismiss for failure to state a claim, a Rule 12(c) motion attacks the legal sufficiency of the pleadings. *Flenner v. Sheehan*, 107 F.3d 459, 461 (7th Cir. 1997). The only difference between the two motions is that a Rule 12(c) motion is filed after the pleadings are closed. *Id.* A motion for judgment on the pleadings should be granted when it is clear from the face of the complaint that the plaintiff is not entitled to relief. *Id.*

- 3 -

## III.     ARGUMENT

Defendants stand entitled to judgment on the pleadings on Plaintiff's WFEA claim because the WFEA does not create a private cause of action. "To determine whether a state statute creates a private cause of action, federal courts look to the interpretations of that statute by the state's courts." *Martin v. Northwestern Mut. Life Ins. Co.*, Case No. 05-C-0209, 2006 WL 897751, at *2 (E.D. Wisc. Mar. 31, 2006) (*citing Morley-Murphy Co. v. Zenith Elecs. Corp.*, 142 F.3d 373, 376 (7th Cir. 1998)). The *Martin* case clearly articulated the limited exception to the general rule that the WFEA does not create a private cause of action as follows:

> In *Yanta v. Montgomery Ward & Company*, 66 Wis.2d 53, 224 N.W.2d 389 (Wis.1974), the Supreme Court of Wisconsin allowed a private cause of action under the WFEA. In that case, the plaintiff had previously been awarded an injunction by the state administrative agency charged with enforcing the WFEA, but an award of back pay was not then available under the Act. *Yanta*, 224 N.W.2d at 390. Shortly after the WFEA was amended to allow the agency to award back wages, the plaintiff brought suit in state court seeking the same. *Id.*
>
> Several years later, a Wisconsin court of appeals carefully delineated the holding in *Yanta*. In *Bachand v. Connecticut General Life Insurance*, 101 Wis.2d 617, 305 N.W.2d 149 (Wis. Ct. App. 1981), the court narrowly interpreted *Yanta* to stand for the proposition that a private cause of action arose under the WFEA only in those limited circumstances where the remedy sought by the litigant was previously unavailable through administrative proceedings. *Id.* at 152. The Bachand court explained that:
>
>> ... *Yanta* teaches the following. When the legislature provides a new remedy for unlawful discrimination, the remedy is exclusive except where: (1) the legislature provides a new remedy (backpay in this instance); (2) for a proven statutory violation which previously was not available in the administrative process, and (3) which new remedy was not available to the plaintiff in the [administrative agency] action simply because the amendment came too late. Therefore, although the statute [i.e., the WFEA] specifically directed all remedies to be pursued through [the administrative agency], the amendment of the statute to permit the awarding of backpay mandated relief even if the administrative avenue was not available because of timing.
>
> Bachand, 305 N.W.2d at 152-53. Since Bachand, many courts have undertaken similar analyses and concluded that Yanta did not establish a general private

cause of action under the WFEA. *See, e.g., Staats v. County of Sawyer*, 220 F.3d 511, 516 (7th Cir. 2000); *Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 866 (7th Cir. 1996); *Reed v. Johnson Controls, Inc.*, 704 F. Supp. 170, 171 (E.D. Wis. 1989); *Busse v. Gelco Express Corp.*, 678 F. Supp. 1398, 1401-02 (E.D. Wis. 1988); *Bourque v. Wausau Hosp. Ctr.*, 145 Wis.2d 589, 427 N.W.2d 433 (Wis. Ct. App. 1988).[]

*Id.* at *3-4.

Like the plaintiff's WFEA claim in the *Martin* case, Roter's WFEA claim here fails to present circumstances similar to that which prompted the *Yanta* court to permit a private cause of action. Thus, Roter cannot maintain a private cause of action against Defendants under the WFEA and judgment on the pleadings on this claim should be entered against Roter and in favor of Defendants on this claim.

## IV. CONCLUSION

Even taking Roter's well-pleaded factual allegations as true, and assuming all reasonable inferences in her favor, Roter cannot prevail against Defendants on her WFEA claim. For all of the reasons stated above, Defendants respectfully request that the Court grant their Motion for Partial Judgment on the Pleadings, and award Defendants all other relief just and proper in the premises.

Respectfully submitted,

s/ Paul C. Sweeney
David J. Carr, Attorney No. 4241-49
Paul C. Sweeney, Attorney No. 20392-29

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

Attorneys for Defendants, Frontier Airlines, Inc. and Republic Airways Holdings Inc.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and forwarded a copy of the filing via United States, first-class mail, to the following:

Dafina Roter Velyov
Plaintiff Pro Se
26151 S. Wind Lake Road
Windlake, Wisconsin 53185


                                                                                                                s/ Paul C. Sweeney

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

I/3546834.2