UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

DAFINA ROTER VELYOV,

      **Plaintiff,**

      -vs-                                                                       Case No.: 2:14-cv-00071-RTR

**FRONTIER AIRLINES, INC. and**
**REPUBLIC AIRWAYS HOLDINGS INC.,**

      **Defendant.**

_____

### DEFENDANTS' REPORT OF ATTEMPTED RULE 26(f) CONFERENCE
_____

      On June 3, 2014, at approximately 10:00 a.m. (Eastern Time), David J. Carr and Paul C. Sweeney of Ice Miller LLP, counsel for Defendants, Frontier Airlines, Inc. ("Frontier"), and Republic Airways Holdings Inc. ("Republic"), attempted to contact *pro se* Plaintiff Dafina Roter Velyov (telephoning her at 414-241-6674) for the purpose of conducting a telephonic settlement/discovery conference with her pursuant to Fed. R. Civ. P. 26(f) and the Court's letter Order dated May 5, 2014. Defendants counsel did not reach the *pro se* Plaintiff. Rather, Defendants' counsel left a voice-mail message for the *pro se* Plaintiff requesting that she return their call for the purpose of conducting the Rule 26(f) conference. Having not received a return call, Defendants submit the following report outlining their proposed discovery plan in anticipation of the Court's Rule 16(b) scheduling conference set for July 1, 2014, at 10:30 a.m. (Central Time).

Defendants believe that Dafina Roter Velyov, *pro se* Plaintiff, may be reached at (414) 241-6674 for the scheduling conference. David J. Carr and Paul C. Sweeney may be reached at (317) 236-5840 for the conference.

1. **Nature of Case**

Plaintiff's Complaint alleges that her former employer, Frontier/Republic, violated the federal Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") and discriminated against her in violation of Wisconsin's Fair Employment Act, 111.31, Wis. Stats. ("WFEA"). Plaintiff also alleged that her supervisors violated the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d-2 ("HIPAA"), by requiring her to send copies of her kidney transplant letter to all managers and supervisors in the Milwaukee Station. (Decision and Order, at p. 3 (Doc. 4)). On January 30, 2014, and prior to service of the Complaint on Defendants, the Court dismissed Roter's HIPAA claim. (*Id.*, at pp. 5-6). Defendants deny Plaintiff's claims and have asserted various affirmative defenses.

2. **Contemplated Motions**

Defendants filed their motion for partial judgment on the pleadings as to Plaintiff's WFEA claim on June 2, 2014, and plan on filing a motion for summary judgment on Plaintiff's FMLA claim (or on both claims, should the Court not dispose of Plaintiff's WFEA claim on Defendants' motion for partial judgment on the pleadings).

3. **Possibility of Prompt Resolution or Settlement**

Defendant will consider mediation, after resolution of dispositive motions, in an effort to resolve this lawsuit and will notify the Court if and when mediation makes sense to all parties.

### 4. Jurisdiction

Defendants agree that this Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being, in part, one for interference and retaliation pursuant to the FMLA.

### 5. Initial Disclosures under Rule 26(a)

Defendants agree to the exchange of initial disclosures on or before **July 15, 2014**. Defendants do not otherwise seek any changes in the timing, form, or requirement for disclosures under Rule 26(a).

### 6. Electronic Discovery

At this time, Defendants do not anticipate any special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery. Defendants agree that they will initially produce a hard-copy version of any formerly or currently electronically stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI. Defendants ask the Court to include this agreement in the Scheduling Order herein.

### 7. Expert Witnesses

In the event that experts are needed, Defendants recommends that Plaintiff disclose any experts and provide their reports by **December 1, 2014**, and that the Defendants disclose any experts and provide their reports by **February 2, 2015**. If there are experts, Defendants recommend that they have until **January 15, 2015**, to take the deposition of Plaintiff's experts and that Plaintiff have until **April 15, 2015**, to take the deposition of Defendants' experts. With respect to both retained experts and treating physicians, Defendants recommend that the parties comply with Fed. R. Civ. P. 26(a)(2) and Civil L.R. 26(b). Defendants recommend that if a party

intends to have a treating physician present evidence under Fed. R. Evid. 702, 703, or 704, that she/they will disclose the information identified in FRCP 26(a)(2)(B)(i) to include a complete statement of all opinions the witness will express and the basis and reasons for them.

**8.    Amended Pleadings**

Defendants do not contemplate joining other parties or amending their pleadings at this time, however, they recommend that any such amendments must be filed **by July 11, 2014**.

**9.    Proposed Discovery Plan**

    (a)    <u>Subjects on which discovery may be needed</u>:

Defendants views the subjects of discovery in this matter to include the facts and circumstances surrounding the employment and termination of Plaintiff; the nature and extent of Plaintiffs damages, including any alleged economic or emotional harm; Plaintiffs efforts to mitigate her damages; and any facts related to or issues that may arise concerning liability, defenses, and damages.  Defendants anticipate that discovery may include written interrogatories, requests for the production of documents, requests for admissions, and depositions of lay witnesses and expert witnesses.

    (b)    <u>Depositions</u>:

Defendants anticipate deposing Plaintiff and may depose others if necessary. Defendants anticipate that Plaintiff may also depose individuals.

    (c)    <u>Completion of Discovery</u>:

Defendants recommend that all discovery be served in time so as to be completed by **April 15, 2015**.

    (d)    <u>Limitations on discovery</u>:

Defendants recommend that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's Local Rules and by the Court's customary Scheduling Order.

(e) <u>Claim of privilege or work-product protection after production</u>:

At this time, the Defendants do not anticipate any special issues related to the disclosure or discovery of privileged or work product information. The Defendants recommend that any documents, including ESI, that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within 10 days after the producing party discovers that the inadvertent production occurred. The Defendants recommend that the recipient of such inadvertently protected information be instructed that she/they will not use the information, in any way, in the prosecution of the recipient's case. Further, the Defendants recommend that the recipient may not assert that the producing party waived privilege or work product protection; however, they do recommend that the recipient may challenge the assertion of the privilege and seek a court order denying such privilege. Defendants ask the Court to include this language in the Scheduling Order herein.

**10. Other orders that should be entered under Rule 26(c) or under Rule 16(b) and (c):**

(a) <u>Dispositive Motions</u>:

Defendants recommend that the deadline for dispositive motions to be briefed, filed and served be **May 15, 2015**.

(b) <u>Trial</u>:

Defendants recommend that a trial date be set after the Court issues a ruling on any dispositive motions.

Dated: June 11, 2014.

        Respectfully submitted,

        s/ Paul C. Sweeney
        David J. Carr, Attorney No. 4241-49
        Paul C. Sweeney, Attorney No. 20392-29
        ICE MILLER LLP

- 5 -

Case 2:14-cv-00071-PP   Filed 06/11/14   Page 5 of 6   Document 22

One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

Attorneys for Defendants, Frontier Airlines, Inc.
and Republic Airways Holdings Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and forwarded a copy of the filing via United States, first-class mail, to the following:

Dafina Roter Velyov
Plaintiff Pro Se
26151 S. Wind Lake Road
Windlake, Wisconsin 53185

s/ Paul C. Sweeney

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

I/3597307.2                     - 6 -

Case 2:14-cv-00071-PP   Filed 06/11/14   Page 6 of 6   Document 22