# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

_____

DAFINA ROTER VELYOV,

      **Plaintiff,**

    **-vs-**                           **Case No.: 2:14-cv-00071-RTR**

**FRONTIER AIRLINES, INC. and**
**REPUBLIC AIRWAYS HOLDINGS INC.,**

      **Defendants.**

_____

## JOINT RULE 26(f) CONFERENCE REPORT
_____

Plaintiff, pro se, and Defendants' counsel, David J. Carr and Paul C. Sweeney of Ice Miller LLP, having conferred pursuant to Fed. R. Civ. P. 26(f) and the Court's instructions at the July 1, 2014, telephonic scheduling conference on July 29, 2014, submit the following joint report in anticipation of the Court's Rule 16(b) scheduling conference set for August 4, 2014, at 10:30 a.m. (Central Time) (Dafina Roter Velyov, *pro se* Plaintiff, may be reached at (414) 241-6674 for the scheduling conference; David J. Carr and Paul C. Sweeney, counsel for Defendants, may be reached at (317) 236-5840 for the scheduling conference):

    **1.**      **Nature of Case**

Plaintiff's Complaint alleges that her former employer, Frontier/Republic, violated the federal Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") and discriminated against her in violation of Wisconsin's Fair Employment Act, 111.31, Wis. Stats. ("WFEA"). Plaintiff also alleged that her supervisors violated the Health Insurance Portability

and Accountability Act of 1996, 42 U.S.C. § 1320d-2 ("HIPAA"), by requiring her to send copies of her kidney transplant letter to all managers and supervisors in the Milwaukee Station. (Decision and Order, at p. 3 (Doc. 4)). On January 30, 2014, and prior to service of the Complaint on Defendants, the Court dismissed Roter's HIPAA claim. (*Id.*, at pp. 5-6). Defendants deny Plaintiff's claims and have asserted various affirmative defenses.

**2. Contemplated Motions**

Defendants filed their motion for partial judgment on the pleadings as to Plaintiff's WFEA claim on June 2, 2014, and plan on filing a motion for summary judgment on Plaintiff's FMLA claim (or on both claims, should the Court not dispose of Plaintiff's WFEA claim on Defendants' motion for partial judgment on the pleadings).

**3. Possibility of Prompt Resolution or Settlement**

The parties will consider mediation with the Magistrate Judge in this case, after resolution of dispositive motions, in an effort to resolve this lawsuit and will notify the Court if and when mediation makes sense to all parties.

**4. Jurisdiction**

The parties agree that this Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being, in part, one for interference and retaliation pursuant to the FMLA.

**5. Initial Disclosures under Rule 26(a)**

The parties agree to the exchange of initial disclosures on or before **August 15, 2014**. The parties do not otherwise seek any changes in the timing, form, or requirement for disclosures under Rule 26(a).

- 2 -

### 6.    Electronic Discovery

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery. The parties agree that they will initially produce a hard-copy version of any formerly or currently electronically stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI. The parties ask the Court to include this agreement in the Scheduling Order herein.

### 7.    Expert Witnesses

In the event that experts are needed, the parties agree that Plaintiff disclose any experts and provide their reports by **January 5, 2015**, and that the Defendants disclose any experts and provide their reports by **March 6, 2015**. If there are experts, the parties recommend that Defendants have until **February 16, 2015**, to take the deposition of Plaintiff's experts and that Plaintiff have until **May 15, 2015**, to take the deposition of Defendants' experts. With respect to both retained experts and treating physicians, the parties recommend that the parties comply with Fed. R. Civ. P. 26(a)(2) and Civil L.R. 26(b). The parties recommend that if a party intends to have a treating physician present evidence under Fed. R. Evid. 702, 703, or 704, that she/they will disclose the information identified in FRCP 26(a)(2)(B)(i) to include a complete statement of all opinions the witness will express and the basis and reasons for them.

### 8.    Amended Pleadings

The parties do not contemplate joining other parties or amending their pleadings at this time, however, they recommend that any such amendments must be filed **by August 11, 2014**.

### 9.    Proposed Discovery Plan

(a)    <u>Subjects on which discovery may be needed:</u>

- 3 -

The parties views the subjects of discovery in this matter to include the facts and circumstances surrounding the employment and termination of Plaintiff; the nature and extent of Plaintiffs damages, including any alleged economic or emotional harm; Plaintiffs efforts to mitigate her damages; and any facts related to or issues that may arise concerning liability, defenses, and damages. The parties anticipate that discovery may include written interrogatories, requests for the production of documents, requests for admissions, and depositions of lay witnesses and expert witnesses.

        (b)    <u>Depositions</u>:

Defendants anticipate deposing Plaintiff and may depose others if necessary. Plaintiff anticipates that she may also depose individuals.

        (c)    <u>Completion of Discovery</u>:

The parties recommend that all discovery be served in time so as to be completed by **May 15, 2015**.

        (d)    <u>Limitations on discovery</u>:

The parties recommend that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's Local Rules and by the Court's customary Scheduling Order.

        (e)    <u>Claim of privilege or work-product protection after production</u>:

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information. The parties recommend that any documents, including ESI, that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within 10 days after the producing party discovers that the inadvertent production occurred. The parties recommend that the recipient of such inadvertently protected information be instructed that she/they will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties recommend that the recipient may not assert that the producing party waived privilege or work product protection; however, they do recommend that the recipient may challenge the assertion of

- 4 -

the privilege and seek a court order denying such privilege.  The parties ask the Court to include this language in the Scheduling Order herein.

**10.    Other orders that should be entered under Rule 26(c) or under Rule 16(b) and (c):**

(a)    <u>Dispositive Motions</u>:

The parties recommend that the deadline for dispositive motions to be briefed, filed and served be **June 15, 2015**.

(b)    <u>Trial</u>:

The parties recommend that a trial date be set after the Court issues a ruling on any dispositive motions, if necessary.

Dated:  July 29, 2014.

Respectfully submitted,

s/ Paul C. Sweeney
David J. Carr, Attorney No. 4241-49
Paul C. Sweeney, Attorney No. 20392-29
ICE MILLER LLP

One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

Attorneys for Defendants, Frontier Airlines, Inc.
and Republic Airways Holdings Inc.

- 5 -

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 29th day of July, 2014, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, and forwarded a copy of the filing via

United States, first-class mail, to the following:

Dafina Roter Velyov
Plaintiff Pro Se
26151 S. Wind Lake Road
Windlake, Wisconsin  53185

<u>s/ Paul C. Sweeney</u>

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax:    (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com