UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DAFINA A. ROTER VELYOV,**

    Plaintiff,

  -vs-

                                  **Case No. 14-C-71**

**FRONTIER AIRLINES, INC., and**
**REPUBLIC AIRWAYS HOLDINGS, INC.,**

    Defendants.

## SCHEDULING ORDER

During the scheduling conference held by telephone in the above-entitled action on August 4, 2014, the plaintiff, appearing by Attorney Dafina A. Roter Velyov, and the defendants, appearing by Attorney Paul C. Sweeney, agreed to the entry of the following order.

**IT IS ORDERED** that:

1. The parties may amend pleadings and add parties on or before August 11, 2014.

2. Rule 26(a)(1) initial disclosures must be made on or before August 15, 2014.

3. On or before August 15, 2014, the plaintiff must notify the defendants of any lay witnesses the plaintiff may call at trial.

4. On or before August 15, 2014, the defendants must notify the plaintiff of any lay witnesses the defendants may call at trial.

5. On or before January 5, 2015, the plaintiff must notify the defendants of any expert witnesses the plaintiff may call at trial, and must submit with that notice a report containing all the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or the plaintiff will be barred from calling such witnesses as experts at trial.

6. The defendants must depose the plaintiff's expert witnesses on or before February 16, 2015.

7. On or before March 6, 2015, the defendants must notify the plaintiff of any expert witnesses the defendants may call at trial, and must submit with that notice a report containing all the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or the defendants will be barred from calling such witnesses as experts at trial.

8. The plaintiff must depose the defendants' expert witnesses on or before May 15, 2015.

9. All requests for discovery must be served by a date sufficiently early so that all discovery in this case can be completed no later than May 15, 2015. Neither the pendency of motions nor settlement discussions will affect any of the dates set in this action, and neither will justify delays in the taking of discovery.

10.  Dispositive motions must be filed on or before June 15, 2015.  When a motion for summary judgment is filed electronically utilizing the Court's Electronic Case Filing system, counsel must also provide this Chambers with a paper copy of the motion, and all accompanying briefs and papers.

11. Motions in Limine must be filed on or before November 16, 2015.

12.  Responses to Motions in Limine must be filed on or before November 23, 2015.

13.  Replies to Motions in Limine must be filed on or before December 1, 2015.

14.  On November 30, 2015, at 2:00 p.m., the Court will initiate and conduct a final pretrial conference call.  Pursuant to Civil L. R. 16(c), each party must serve and file a final pretrial report in compliance with the Pretrial Report Order attached hereto and incorporated herein.

15.  This case will be tried to the Court.  This case will be called for trial at 9:00 a.m. on December 14, 2015.  The trial is estimated to last three days.

Dated at Milwaukee, Wisconsin this __5th__ day of August, 2014.

**BY THE COURT:**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**

# **PRETRIAL REPORT ORDER**

**IT IS ORDERED** that each party must file a pretrial report.  Reports are due at least 14 days before the scheduled start of the trial or, if a final pretrial conference is scheduled, 7 days before the conference.  The report must be signed by the attorney (or a party personally, if not represented by counsel) who will try the case.  Sanctions, which may include the dismissal of claims and defenses, may be imposed if a trial report is not filed.

The report must include the following:

1. A short summary, not to exceed 2 pages, of the facts, claims and defenses;

2. A statement of the issues;

3. The names and addresses of all witnesses expected to testify.   Any witness not listed will not be permitted to testify absent a showing of good cause;

4. A statement of the background of all expert witnesses listed;

5. A list of exhibits to be offered at trial sequentially numbered according to General L.R. 26 where practicable;

6. A designation of all depositions or portions of transcripts or other recordings of depositions to be read into the record or played at trial as substantive evidence.  Reading or playing more than 5 pages from a deposition will not be permitted unless the Court finds good cause;

7. An estimate of the time needed to try the case; and,

8. If scheduled for a jury trial:
    a. Proposed voir dire questions *(filed as a separate document)*;
    b. Proposed instructions on substantive issues *(filed as a separate document)*; and
    c. A proposed verdict form *(filed as a separate document)*.

9. If scheduled for a bench trial, proposed findings of fact and conclusions of law.  (See Fed. R. Civ. P. 52).

In addition to completing a pretrial report, counsel are expected to confer and make a good faith effort to settle the case.  Counsel are also expected to arrive at stipulations that will save time during the trial.