**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

_____

DAFINA ROTER VELYOV,

        **Plaintiff,**

    **-vs-**                                  **Case No.: 2:14-cv-00071-RTR**

**FRONTIER AIRLINES, INC. and**
**REPUBLIC AIRWAYS HOLDINGS INC.,**

        **Defendants.**

_____

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**
_____

        Defendants Frontier Airlines, Inc. ("Frontier") and Republic Airways Holdings Inc. ("RAH") stand entitled to summary judgment in their favor and against Plaintiff on all remaining claims.[1]  Plaintiff Dafina Roter Velyov ("Roter" of "Velyov") fails to state claims upon which relief may be granted on her Wisconsin Fair Employment Act inference, discrimination and retaliation claim ("WFEA claim") because the WFEA does not create a private cause of action based upon the undisputed material facts present here.  (*See* Defendants' Motion for Partial Judgment on the Pleadings and related filings, Docket Nos. 20-21 and 27).  Roter's remaining Federal Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("federal FMLA") claim likewise fails because Roter did not qualify for federal FLMA leave, a pre-requisite to bringing both interference and retaliation claims under the federal FMLA.

_____

[1] Per the Court's January 30, 2014, Decision and Order, Roter proceeds in this case only on "her federal FMLA and WFEA interference, discrimination, and retaliation claims against the Defendants."  (Decision and Order, at p. 6 (Doc. 4).

## I.  PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

Defendants' incorporate herein by reference Section I. of Defendants' Memorandum in Support of Motion for Partial Summary Judgment on the Pleadings (Docket No. 21, pages 2-3) as if fully set forth herein.

## II.  STIPULATED MATERIAL FACTS[2] &
## MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE[3]

1.     On September 8, 2003, Plaintiff began her employment with Midwest Airlines as a Customer Service Agent ("CSA") at General Mitchell International Airport in Milwaukee, Wisconsin ("MKE").  (Defendants' RFAs, Request No. 1).

2.     Plaintiff became an employee of Republic Airlines Inc. ("Republic") (a subsidiary of RAH) when RAH acquired Midwest Airlines in June 2009.  (*Id.*, Request No. 2).

3.     Plaintiff became an employee of Frontier when RAH acquired Frontier in October 2009.  (*Id.*, Request No. 3).

4.     Plaintiff continued to be employed by Frontier from October 2009 through the termination of her employment on August 23, 2011.  (*Id.*, Request No. 4).

5.     Plaintiff had the following history of attendance issues during her employment with Midwest Airlines, Republic and Frontier:

---

[2] Numbered paragraphs 1-20 are stipulated facts per Fed. R. Civ. P. 36(b) and Civil L. R. 56(b)(1)(B).  Defendants served, "Defendants' First Set of Requests for Admissions, Second Set of Interrogatories and Second Request for Production of Documents to Plaintiff," ("Defendants RFAs") (**Appendix A** to this Memorandum) and other written discovery on Plaintiff on August 22, 2014, via e-mail and overnight mail.  Plaintiff asserts that she received the hard copy of this discovery (and the other discovery served on this day) on August 26, 2014.  (*See* Docket No. 32, at p. 1).  Pursuant to Rules 6(d) and 36(a)(3) of the Federal Rules of Civil Procedure, Plaintiff's answers to Defendants' RFAs were due on September 24, 2014.  Plaintiff admits that she failed to respond to Defendants' RFAs.  (*Id.*, at p. 4 ("I am unable to produce the requests from Ice Miller dated 8-22-14." (document dated September 25, 2014, and docketed by the Court on September 26, 2014)).  Pursuant to Fed. R. Civ. P. 36(a)(3), all of Defendants' RFAs stand admitted due to Plaintiff's failure to respond or object.  *AD Tape and Label Co., Inc. v. Silver Eagles Labs, Inc.*, No. 09-cv-892, 2010 WL 1257818, at * 1 (E.D. Wis. Mar. 26, 2010) (*citing Nalgan v. Broderick & Rascom Rope Co.*, 351 F.2d 24, 28 (7th Cir. 1965).

[3] Paragraphs 1-20 track the numbering found in "Defendants' Proposed Findings of Fact" ("DPFOF") and also serve as Defendants' designation of proposed material facts as to which Defendants contend there is no genuine issue and that entitles them to a judgment as a matter of law per Fed. Civ. P. 56 and Civil L. R. 56(b)(1)(C) and (b)(6).

- 2 -

| DATE | EVENT | EXHIBIT # & BATES STAMP #S |
|---|---|---|
| 04/17/2006 | Documented Verbal Discussion – Attendance issued to Roter by Robin Kuehn | D 000396, **Ex. 1001**[4] |
| 06/30/2006 | Employment Classification Warning – issued by Robin Kuehn to Roter | D 000401, **Ex. 1002** |
| 08/28/2006 | Documented Verbal Discussion – Attendance issued to Roter by Amanda Hendler | D 000395, **Ex. 1003** |
| 10/28/2006 | Written Warning – Attendance issued to Roter by Amanda Hendler | D 000394, **Ex. 1004** |
| 01/23/2007 | Performance Review | D 000397 – 400, **Ex. 1005** |
| 09/17/2007 | Revised Verbal Warning Attendance issued to Roter by Lehrman | D 000393, **Ex. 1006** |
| 11/26/2007 | Second Warning Letter related to Attendance issues – issued by Lehrman to Roter | D 000392, **Ex. 1007** |
| 12/30/2007 | Letter from Lehrman to Roter re:  PROVISIONAL STATUS – ATTENDANCE – 90-day provisional status<br><br>Notes:<br><br>9/17/2007 – Written Verbal Warning for Attendance<br><br>11/26/2007 – Written Warning for Attendance | D 000385, **Ex. 1008** |
| 01/17/2008 | 2006 Performance Review | D 000387 – 391 (482-86), **Ex. 1009** |
| 01/17/2008 | Roter received Coach & Council record for attendance | D 000386, **Ex. 1010** |
| 02/09/2008 | Verbal Warning Attendance – issued by Lehrman to Roter | D 000375, **Ex. 1011** |
| 04/07/2008 | Activity Change Form – FT to PT | D 000414, **Ex. 1012** |
| 07/11/2008 | Verbal Warning Attendance – issued by Nacker to Roter | D 000382, **Ex. 1013** |
| 12/11/2008 | Verbal Warning Attendance – issued by Lehrman to Roter | D 000381, **Ex. 1014** |
| 01/19/2009 | 2008 Performance Review | D 000376 – 380, **Ex. 1015** |
| 04/06/2009 | Second Warning Letter related to Attendance issues – issued by Lehrman to Roter | D 000374, **Ex. 1016** |
| 05/31/2009 | Second Warning Letter related to Attendance issues – issued by Lehrman to Roter | D 000373, **Ex. 1017** |

---

[4] Defendants begin the numbering of its exhibits with "1001" pursuant to General L. R. 26.

| 07/09/2009 | Last Chance Agreement related to Attendance Issues | D 000369 – 370, **Ex. 1018** |
|---|---|---|
| 08/21/2009 | E-mails between Roter and Nacker related to Roter's attendance issues | D 000371, **Ex. 1019** |
| 07/30/2010 | Frontier, Performance Counseling Record<br><br>Written Warning for Attendance | D 000129, **Ex. 1020** |
| 10/21/2010 | 2010 Performance Review | D 000364 – 368, **Ex. 1021** |
| 04/02/2011 | As of this date, Roter had a balance of 22 points pursuant to Frontier's Attendance Policy. | D 000130, **Ex. 1022** |
| 05/20/2011 | As of this date, Roter had a balance of 19 points pursuant to Frontier's Attendance Policy. | D 000130, **Ex. 1022** |
| 06/02/2011 | Roter received a verbal warning on this date pursuant to Frontier's Attendance Policy. | D 000130, **Ex. 1022** |
| 07/21/2011 | Roter received a Written Warning on this date pursuant to Frontier's Attendance Policy, which warning stated in part as follows:<br><br>"6/7/11 scheduled to work 5 am – 9 am – she failed to advise ER that she was sick prior to start of work.  She said later that she called operations tower sick call line but no message."<br><br>"7/19/11 scheduled to work 5 am – 9 am - she failed to advise ER that she was sick prior to start of work.  She again said later that she called operations tower sick call line but no message."<br><br>"Tower Line was tested on both occasions and found to be able to accept messages."<br><br>"Per the Customer Service Attendance policy noted in the Customer Service Department Handbook, section 8.02, an employee must notify his manager prior to the beginning of a scheduled shift if he will be absent as defined above. An employee should work with his manager to assure he fully understands how to report late arrival or illness locally.  The call in policy will differ from station to station and it is the employee's responsibility to be aware of local procedures." | D 000352 – 353<br><br>**Ex. 1023** |
| 08/05/2011 | Roter received a Final Warning/Suspension notice on this date pursuant to Frontier's Attendance Policy, which notice stated in part as follows:<br><br>"8/2/11 scheduled to work 9 am – noon for training – she | D 000350 – 351<br><br>**Ex. 1024** |

- 4 -

| | | | |
|---|---|---|---|
| | failed to advise ER that she would not be in. The trainer sent her a text message at 9:10 am, she responded at 9:25 that she just woke up and that she would not be going to work b/c her daughter was ill. Instead of calling the ops supervisor on duty, she sent her direct supervisor who was off that day a text message at 9:55 am that she would not be in. Noted the counseling and written warning on 7/21/11 that reminded her of the proper call in procedures." | | |
| | "Per the Customer Service Attendance policy noted in the Customer Service Department Handbook, section 8.02, an employee must notify his manager prior to the beginning of a scheduled shift if he will be absent as defined above. An employee should work with his manager to assure he fully understands how to report late arrival or illness locally. The call in policy will differ from station to station and it is the employee's responsibility to be aware of local procedures." | | |
| 08/13/2011 | Roter received -13 points pursuant to Frontier's Attendance Policy on this date for a no call no show, which action took her points total to -1 | D 000130, **Ex. 1022** | |
| 8/16/2011<br><br>8/18-20/11 | Roter received -7 points pursuant to Frontier's Attendance Policy on this date due to absences from work on four (4) consecutive days, which action took her point total to -8 | D 000130, **Ex. 1022** | |
| 08/23/2011 | Letter from Nacker to Roter terminating Roter's employment for attendance. | D 000360, **Ex. 1025** | |

(*Id.*, Request No. 9).

6.     **Exhibit 1026** (D 000078-79) is a true and accurate copy of Frontier's Attendance Policy in effect on August 23, 2011. (*Id.*, Request No. 10).

7.     On July 23, 2010, Plaintiff began the process of applying for federal FMLA and/or Wisconsin FMLA leave with Frontier. (See D 000272, attached hereto as **Exhibit 1027**). (*Id.*, Request No. 11).

8.     Plaintiff submitted her Certification from Health Care Provider for Employee's Serious Health Condition ("Certification") to Frontier and/or RAH on August 11, 2010. (See D 000553-56, attached hereto as **Exhibit 1028**). (*Id.*, Request No. 12).

- 5 -

9.     Plaintiff experienced some issues with getting confirmation from Frontier or RAH that they received her FMLA/Wisconsin FMLA leave paperwork.  (See D 000558-59, attached hereto as **Exhibit 1029**).  (*Id.*, Request No. 13).

10.    On August 19, 2010, Frontier/RAH initially denied Plaintiff's FMLA/Wisconsin FMLA leave request, stating:

> I am sorry to inform you, but you have not worked enough hours within the last 12 months to qualify for [Wisconsin] FMLA.  Our records indicate that for the period of 08/19/2009 – 08/19/2010 you have worked a total of 784 hours.  In order to be eligible for [Wisconsin] FMLA, an employee must have worked a total of 1,000 hours within a rolling calendar year per Wisconsin Law.  I am unable to recommend a Non-FMLA leave, because a Non-FMLA [leave] would be continuous in nature and not intermittently used.  That leaves you with the option of a personal leave.  A personal leave can only be approved by your supervisor.  In order for me to request this from your supervisor, I need to know the dates in which you would like to be off.
>
> Should you have any questions or concerns, do not hesitate to contact me.

(See D 000265-67, attached hereto as **Exhibit 1030**).  (*Id.*, Request No. 14).

11.    On August 25, 2010, and September 4, 2010, after receiving **Exhibit 1030** referenced above, Plaintiff asked Frontier/RAH to recalculate her hours because she felt that Frontier/RAH's numbers were incorrect.  (*Id.*, Request No. 15).

12.    Per Plaintiff's request, Frontier/RAH re-calculated Plaintiff's hours.  (*Id.*, Request No. 16).

13.    On September 7, 2010, after initially denying Plaintiff's FMLA/Wisconsin FMLA leave request, Frontier/RAH notified Plaintiff of its approval of her leave request under the Wisconsin FMLA.  (*See* D 000258-64, attached hereto as **Exhibit 1031**).  (*Id.*, Request No. 17).

14.    As of September 7, 2010, Roter had worked 1119 hours for Frontier in the preceding twelve (12) month time period.  (*See* D 000259, part of **Ex. 1031**).  (*Id.*, Request No. 18).

15.     At no time after September 7, 2010, *i.e.*, after receipt of the September 7, 2010, e-mail (**Ex. 1031**), did Plaintiff request that Frontier and/or RAH recalculate her hours worked for FMLA and/or Wisconsin FMLA leave request purposes. (*Id.*, Request No. 19).

16.     On September 13, 2010, Plaintiff had the following e-mail exchange with Barbie Butler, former employee with RAH's Leave of Absence department:

9/13/2010 8:37 a.m. – email from Barbie Butler to Roter:

> I wanted to follow up and clarify with you on your FLA. You are currently qualified under Wisconsin law in which you have worked over 1,000 hours. Wisconsin FMLA only qualifies you to use up to 2 weeks (80 hours) in a 12 month period and not 480 hours in stated on your original approval letter.
>
> Please contact me if you have any other questions.

9/17/2010 3:15 p.m. – email from Plaintiff to LOA // cc: Jason J. Lehrman

> Barbie,
>
> Thank you for getting everything straightened out. I used 5hrs of FMLA today due to a blood pressure spike and vomiting. I also saw my DR today and have a written excuse also. My supervisor and scheduling have been notified. I also left you a voice mail today regarding my sickness today. Have a good weekend.

(*See* D 000258, part of **Ex. 1031**). (*Id.*, Request No. 20).

17.     **Exhibit 1032** (Bates stamped D 000626 – 639) is a true and accurate summary of the hours worked by Plaintiff for Frontier during the time period of December 31, 2009, through August 9, 2011. (*Id.*, Request No. 21).

18.     The last day that Plaintiff performed any work for Frontier was August 9, 2011. (*Id.*, Request No. 22).

19.     At no time during the time period of June 1, 2011, through August 23, 2011, did Plaintiff's hours worked reach (or rise above) 1250 hours in the preceding twelve (12) month time period. (*See* D 000625-638, **Exhibit 1032**). (*Id.*, Request No. 23).

- 7 -

20.     **Exhibit 1033** (Bates stamped D 000625) accurately summarizes Plaintiff's absences designated by Frontier as leave days used by her pursuant to the Wisconsin FMLA. (*Id.*, Request No. 24.

### III.    <u>STANDARD</u>

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once a motion for summary judgment has properly been made, the party opposing the motion must come forward with affirmative evidence establishing a genuine issue of material fact regarding those elements to avoid summary judgment.  *Celotex Corp.*, 477 U.S. at 322.  In opposing a motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (*quoting First Nat'l Bank of Arizona v. Cities Serv. Co*., 391 U.S. 253 (1968)).  No genuine issue for trial exists unless there is sufficient evidence favoring plaintiff's position such that a jury can return a verdict in his favor. *Id.* (*citing Cities Serv*., 391 U.S. at 288-289).  If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967), or is not significantly probative, *Cities Serv*., 391 U.S. at 290, summary judgment may be granted for the defendant.  *See Anderson*, 477 U.S. at 249.

### IV.    <u>ARGUMENT</u>

#### A.    **Plaintiff's WFEA Claim Fails Because the WFEA does not Create a Private Cause of Action**

Defendants stand entitled to summary judgment on Plaintiff's WFEA claim because the WFEA does not create a private cause of action.  "To determine whether a state statute creates a private cause of action, federal courts look to the interpretations of that statute by the state's

- 8 -

courts." *Martin v. Northwestern Mut. Life Ins. Co.*, Case No. 05-C-0209, 2006 WL 897751, at

*2 (E.D. Wisc. Mar. 31, 2006) (*citing Morley-Murphy Co. v. Zenith Elecs. Corp.*, 142 F.3d 373,

376 (7th Cir. 1998)). The *Martin* case clearly articulated the limited exception to the general rule

that the WFEA does not create a private cause of action as follows:

> In *Yanta v. Montgomery Ward & Company*, 66 Wis.2d 53, 224 N.W.2d 389 (Wis.1974), the Supreme Court of Wisconsin allowed a private cause of action under the WFEA. In that case, the plaintiff had previously been awarded an injunction by the state administrative agency charged with enforcing the WFEA, but an award of back pay was not then available under the Act. *Yanta*, 224 N.W.2d at 390. Shortly after the WFEA was amended to allow the agency to award back wages, the plaintiff brought suit in state court seeking the same. *Id.*
>
> Several years later, a Wisconsin court of appeals carefully delineated the holding in *Yanta*. In *Bachand v. Connecticut General Life Insurance*, 101 Wis.2d 617, 305 N.W.2d 149 (Wis. Ct. App. 1981), the court narrowly interpreted *Yanta* to stand for the proposition that a private cause of action arose under the WFEA only in those limited circumstances where the remedy sought by the litigant was previously unavailable through administrative proceedings. *Id.* at 152. The Bachand court explained that:
>
> > ... *Yanta* teaches the following. When the legislature provides a new remedy for unlawful discrimination, the remedy is exclusive except where: (1) the legislature provides a new remedy (backpay in this instance); (2) for a proven statutory violation which previously was not available in the administrative process, and (3) which new remedy was not available to the plaintiff in the [administrative agency] action simply because the amendment came too late. Therefore, although the statute [i.e., the WFEA] specifically directed all remedies to be pursued through [the administrative agency], the amendment of the statute to permit the awarding of backpay mandated relief even if the administrative avenue was not available because of timing.
>
> Bachand, 305 N.W.2d at 152-53. Since Bachand, many courts have undertaken similar analyses and concluded that Yanta did not establish a general private cause of action under the WFEA. *See, e.g., Staats v. County of Sawyer*, 220 F.3d 511, 516 (7th Cir. 2000); *Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 866 (7th Cir. 1996); *Reed v. Johnson Controls, Inc.*, 704 F. Supp. 170, 171 (E.D. Wis. 1989); *Busse v. Gelco Express Corp.*, 678 F. Supp. 1398, 1401-02 (E.D. Wis. 1988); *Bourque v. Wausau Hosp. Ctr.*, 145 Wis.2d 589, 427 N.W.2d 433 (Wis. Ct. App. 1988).[1]

*Id.* at *3-4.

- 9 -

Like the plaintiff's WFEA claim in the *Martin* case, Roter's WFEA claim here fails to present circumstances similar to that which prompted the *Yanta* court to permit a private cause of action.  Thus, Roter cannot maintain a private cause of action against Defendants under the WFEA and judgment on the pleadings on this claim (or summary judgment) should be entered against Roter and in favor of Defendants.

**B.      Roter Fails to Hold an Actionable Federal FMLA Interference or Retaliation Claim Because She Lacks the Requisite Standing**

Defendants stand entitled to summary judgment on Roter's federal FMLA claim because Roter lacks standing to bring either an interference or retaliation claim.  She lacks standing because she fails to satisfy the hours worked requirement to be an "eligible employee" under the federal FMLA or make a pre-eligibility request for post-eligibility leave.  Thus, she fails to hold an actionable federal FMLA claim.

"The FMLA permits only 'eligible employees' to bring civil actions against their employers for violations of the [federal] FMLA.  29 U.S.C. § 2617(a)(1) ('Any employer who violates section 2615 of this title shall be liable to any *eligible employee* affected' for damages and/or equitable relief) (emphasis added)."  *Reynolds v. Inter-Industry Conference on Auto Collision Repair*, 594 F.Supp.2d 925, 928 (N.D. Ill. 2009).  An "eligible employee" is defined under the federal FMLA as "an employee who has been employed for at least 12 months by the employer ... and for at least 1,250 hours of service with such employer during the previous 12–month period."  29 U.S.C. § 2611(2).  The applicable authorized implementing regulations note that "[t]he determination of whether an employee has [met the eligibility requirements] must be made as of the date the FMLA leave is to start."  29 C.F.R. § 825.110(d).

At no time during the time period of June 1, 2011, through August 23, 2011 (termination date) (time period covering Roter's request for leave in this case, whether it be under the federal

- 10 -

FMLA or the Wisconsin FMLA), did Roter's hours work reach (or rise above) 1250 hours in the preceding twelve (12) month time period. (See D 000625-638, **Exhibit 1032**; DPFOF, ¶ 19). Therefore, in order to hold a viable federal FMLA claim Roter must hold evidence of interference and/or retaliation pre-eligibility for post-eligibility leave. *See Morkoetter v. Sonoco Products Co.*, 936 F.Supp.2d 995 (N.D. Ind. 2013); *Reynolds*, 594 F.Supp.2d at 928. She fails to hold such evidence and as a result Defendants stand entitled to summary judgment on Roter's federal FMLA claim.

The *Morkoetter* case answered the question of when does an employee hold a viable "pre-eligibility" federal FMLA interference or retaliation claim. Pursuant to the *Morkoetter* court, an employee only holds a "pre-eligibility" claim if she makes a request for post-eligibility leave and the employer interferes with this request or retaliates against the employee for making this request. *Morkoetter*, 936 F.Supp.2d at 999; *see also*, *Pereda v. Brookdale Senior Living Cmty., Inc.*, 666 F.3d 1269, 1270–71 (11th Cir. 2012) ("FMLA protects a pre-eligibility request for post-eligibility leave.") and *Gleaton v. Monumental Life Ins. Co.*, 719 F.Supp.2d 623, 629 (D. S.C. 2010).

Roter's situation stands opposite to the plaintiff in the *Morkoetter* case. In *Morkoetter*, the plaintiff alleged that he "intended to take FMLA leave after he became a qualified employee by being employed [by Sonoco] for at least (1) year" and that "[j]ust before [his] one-year anniversary, [he] informed [Sonoco] of his need to take FMLA in the future and notified [Sonoco] of his serious health conditions and need to take time off to attend to his own health care needs." 936 F.Supp.2d at 997. Here, Roter made contemporaneous non-FMLA covered requests for leave, not future requests. She incurred attendance points and ultimately Frontier terminated her employment under the attendance policy, not because of the use or attempted use

- 11 -

of FMLA leave.  In any event, Roter did not make a pre-eligibility request for post-eligibility leave.  Therefore, she lacks standing to bring a federal FMLA claim against Defendants.

### V.      CONCLUSION

For the reasons stated herein, Defendants respectfully move the Court to enter summary judgment for Defendants on all remaining counts of Roter's Complaint, dismiss this action with prejudice, and the award of all other relief just and proper in the premises.

Respectfully submitted,

s/ David J. Carr
David J. Carr, Attorney No. 4241-49
Paul C. Sweeney, Attorney No. 20392-29

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

Attorneys for Defendants, Frontier Airlines, Inc.
and Republic Airways Holdings Inc.

- 12 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2014, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, and forwarded a copy of the filing via

United States, first-class mail, to the following:

> Dafina Roter Velyov
> Plaintiff Pro Se
> 26118 Barberry Lane
> Windlake, WI 53185

s/ David J. Carr

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

I\3901030.1