_____

**DAFINA ROTER VELYOV,**

       **Plaintiff,**

  -vs-                                                                    Case No.: 2:14-cv-00071-RTR

**FRONTIER AIRLINES, INC. and
REPUBLIC AIRWAYS HOLDINGS INC.,**

       **Defendants.**

_____

## DEFENDANTS' PROPOSED FINDINGS OF FACT
_____

      1.      On September 8, 2003, Plaintiff began her employment with Midwest Airlines as a Customer Service Agent ("CSA") at General Mitchell International Airport in Milwaukee, Wisconsin ("MKE").  (Defendants' RFAs, Request No. 1).[1]

      2.      Plaintiff became an employee of Republic Airlines Inc. ("Republic") (a subsidiary of RAH) when RAH acquired Midwest Airlines in June 2009.  (*Id.*, Request No. 2).

      3.      Plaintiff became an employee of Frontier when RAH acquired Frontier in October 2009.  (*Id.*, Request No. 3).

      4.      Plaintiff continued to be employed by Frontier from October 2009 through the

---

[1] All 20 proposed Findings of Fact are stipulated facts per Fed. R. Civ. P. 36(b) and Civil L. R. 56(b)(1)(B). Defendants served, "Defendants' First Set of Requests for Admissions, Second Set of Interrogatories and Second Request for Production of Documents to Plaintiff," ("Defendants RFAs") (**Appendix A** attached to Defendants' Memorandum in Support of Motion for Summary Judgment) on August 22, 2014.  Pursuant to Rules 6(d) and 36(a)(3) of the Federal Rules of Civil Procedure, Plaintiff's answers to Defendants' RFAs were due on September 24, 2014.  Plaintiff admits that she failed to respond to Defendants' RFAs.  (*See* Docket No. 32 (filing by Plaintiff), at p. 4 ("I am unable to produce the requests from Ice Miller dated 8-22-14." Pursuant to Fed. R. Civ. P. 36(a)(3), all of Defendants' RFAs stand admitted due to Plaintiff's failure to respond or object. *AD Tape and Label Co., Inc. v. Silver Eagles Labs, Inc.*, No. 09-cv-892, 2010 WL 1257818, at * 1 (E.D. Wis. Mar. 26, 2010) (*citing Nalgan v. Broderick & Rascom Rope Co.*, 351 F.2d 24, 28 (7th Cir. 1965).

termination of her employment on August 23, 2011. (*Id.*, Request No. 4).

5.  Plaintiff had the following history of attendance issues during her employment with Midwest Airlines, Republic and Frontier:

| DATE | EVENT | EXHIBIT # & BATES STAMP #S |
|---|---|---|
| 04/17/2006 | Documented Verbal Discussion – Attendance issued to Roter by Robin Kuehn | D 000396, **Ex. 1001**[2] |
| 06/30/2006 | Employment Classification Warning – issued by Robin Kuehn to Roter | D 000401, **Ex. 1002** |
| 08/28/2006 | Documented Verbal Discussion – Attendance issued to Roter by Amanda Hendler | D 000395, **Ex. 1003** |
| 10/28/2006 | Written Warning – Attendance issued to Roter by Amanda Hendler | D 000394, **Ex. 1004** |
| 01/23/2007 | Performance Review | D 000397 – 400, **Ex. 1005** |
| 09/17/2007 | Revised Verbal Warning Attendance issued to Roter by Lehrman | D 000393, **Ex. 1006** |
| 11/26/2007 | Second Warning Letter related to Attendance issues – issued by Lehrman to Roter | D 000392, **Ex. 1007** |
| 12/30/2007 | Letter from Lehrman to Roter re: PROVISIONAL STATUS – ATTENDANCE – 90-day provisional status<br><br>Notes: 9/17/2007 – Written Verbal Warning; 11/26/2007 – Written Warning | D 000385, **Ex. 1008** |
| 01/17/2008 | 2006 Performance Review | D 000387 – 391 (482-86), **Ex. 1009** |
| 01/17/2008 | Roter received Coach & Council record for attendance | D 000386, **Ex. 1010** |
| 02/09/2008 | Verbal Warning Attendance – issued by Lehrman to Roter | D 000375, **Ex. 1011** |
| 04/07/2008 | Activity Change Form – FT to PT | D 000414, **Ex. 1012** |
| 07/11/2008 | Verbal Warning Attendance – issued by Nacker to Roter | D 000382, **Ex. 1013** |
| 12/11/2008 | Verbal Warning Attendance – issued by Lehrman to Roter | D 000381, **Ex. 1014** |
| 01/19/2009 | 2008 Performance Review | D 000376 – 380, **Ex. 1015** |

---

[2] "Exhibits" used herein track the numbers used in Defendants' RFAs. Defendants begin the numbering with "1001" pursuant General L. R. 26.

- 2 -

| 04/06/2009 | Second Warning Letter related to Attendance issues – issued by Lehrman to Roter | D 000374, **Ex. 1016** |
|---|---|---|
| 05/31/2009 | Second Warning Letter related to Attendance issues – issued by Lehrman to Roter | D 000373, **Ex. 1017** |
| 07/09/2009 | Last Chance Agreement related to Attendance Issues | D 000369 – 370, **Ex. 1018** |
| 08/21/2009 | E-mails between Roter and Nacker related to Roter's attendance issues | D 000371, **Ex. 1019** |
| 07/30/2010 | Frontier, Performance Counseling Record<br><br>Written Warning for Attendance | D 000129, **Ex. 1020** |
| 10/21/2010 | 2010 Performance Review | D 000364 – 368, **Ex. 1021** |
| 04/02/2011 | As of this date, Roter had a balance of 22 points pursuant to Frontier's Attendance Policy. | D 000130, **Ex. 1022** |
| 05/20/2011 | As of this date, Roter had a balance of 19 points pursuant to Frontier's Attendance Policy. | D 000130, **Ex. 1022** |
| 06/02/2011 | Roter received a verbal warning on this date pursuant to Frontier's Attendance Policy. | D 000130, **Ex. 1022** |
| 07/21/2011 | Roter received a Written Warning pursuant to Frontier's Attendance Policy, which warning stated in part:<br><br>"6/7/11 scheduled to work 5 am – 9 am – she failed to advise ER that she was sick prior to start of work. She said later that she called operations tower sick call line but no message."<br><br>"7/19/11 scheduled to work 5 am – 9 am - she failed to advise ER that she was sick prior to start of work. She again said later that she called operations tower sick call line but no message."<br><br>"Tower Line was tested on both occasions and found to be able to accept messages."<br><br>"Per the Customer Service Attendance policy noted in the Customer Service Department Handbook, section 8.02, an employee must notify his manager prior to the beginning of a scheduled shift if he will be absent as defined above. An employee should work with his manager to assure he fully understands how to report late arrival or illness locally. The call in policy will differ from station to station and it is the employee's responsibility to be aware of local procedures." | D 000352 – 353<br>**Ex. 1023** |

| | | |
|---|---|---|
| 08/05/2011 | Roter received a Final Warning/Suspension notice on this date pursuant to Frontier's Attendance Policy, which notice stated in part as follows: | D 000350 – 351 **Ex. 1024** |
| | "8/2/11 scheduled to work 9 am – noon for training – she failed to advise ER that she would not be in. The trainer sent her a text message at 9:10 am, she responded at 9:25 that she just woke up and that she would not be going to work b/c her daughter was ill. Instead of calling the ops supervisor on duty, she sent her direct supervisor who was off that day a text message at 9:55 am that she would not be in. Noted the counseling and written warning on 7/21/11 that reminded her of the proper call in procedures." | |
| | "Per the Customer Service Attendance policy noted in the Customer Service Department Handbook, section 8.02, an employee must notify his manager prior to the beginning of a scheduled shift if he will be absent as defined above. An employee should work with his manager to assure he fully understands how to report late arrival or illness locally. The call in policy will differ from station to station and it is the employee's responsibility to be aware of local procedures." | |
| 08/13/2011 | Roter received -13 points pursuant to Frontier's Attendance Policy on this date for a no call no show, which action took her points total to -1 | D 000130, **Ex. 1022** |
| 8/16/2011 8/18-20/11 | Roter received -7 points pursuant to Frontier's Attendance Policy on this date due to absences from work on four (4) consecutive days, which action took her point total to -8 | D 000130, **Ex. 1022** |
| 08/23/2011 | Letter from Nacker to Roter terminating Roter's employment for attendance. | D 000360, **Ex. 1025** |

(*Id.*, Request No. 9).

    6.    **Exhibit 1026** (D 000078-79) is a true and accurate copy of Frontier's Attendance Policy in effect on August 23, 2011. (*Id.*, Request No. 10).

    7.    On July 23, 2010, Plaintiff began the process of applying for federal FMLA and/or Wisconsin FMLA leave with Frontier. (See D 000272, attached hereto as **Exhibit 1027**). (*Id.*, Request No. 11).

    8.    Plaintiff submitted her Certification from Health Care Provider for Employee's

Serious Health Condition ("Certification") to Frontier and/or RAH on August 11, 2010. (See D 000553-56, attached hereto as **Exhibit 1028**). (*Id.*, Request No. 12).

9. Plaintiff experienced some issues with getting confirmation from Frontier or RAH that they received her FMLA/Wisconsin FMLA leave paperwork. (See D 000558-59, attached hereto as **Exhibit 1029**). (*Id.*, Request No. 13).

10. On August 19, 2010, Frontier/RAH initially denied Plaintiff's FMLA/Wisconsin FMLA leave request, stating:

> I am sorry to inform you, but you have not worked enough hours within the last 12 months to qualify for [Wisconsin] FMLA. Our records indicate that for the period of 08/19/2009 – 08/19/2010 you have worked a total of 784 hours. In order to be eligible for [Wisconsin] FMLA, an employee must have worked a total of 1,000 hours within a rolling calendar year per Wisconsin Law. I am unable to recommend a Non-FMLA leave, because a Non-FMLA [leave] would be continuous in nature and not intermittently used. That leaves you with the option of a personal leave. A personal leave can only be approved by your supervisor. In order for me to request this from your supervisor, I need to know the dates in which you would like to be off.
>
> Should you have any questions or concerns, do not hesitate to contact me.

(See D 000265-67, attached hereto as **Exhibit 1030**). (*Id.*, Request No. 14).

11. On August 25, 2010, and September 4, 2010, after receiving **Exhibit 1030** referenced above, Plaintiff asked Frontier/RAH to recalculate her hours because she felt that Frontier/RAH's numbers were incorrect. (*Id.*, Request No. 15).

12. Per Plaintiff's request, Frontier/RAH re-calculated Plaintiff's hours. (*Id.*, Request No. 16).

13. On September 7, 2010, after initially denying Plaintiff's FMLA/Wisconsin FMLA leave request, Frontier/RAH notified Plaintiff of its approval of her leave request under the Wisconsin FMLA. (*See* D 000258-64, attached hereto as **Exhibit 1031**). (*Id.*, Request No. 17).

14. As of September 7, 2010, Roter had worked 1119 hours for Frontier in the

preceding twelve (12) month time period. (*See* D 000259, part of **Ex. 1031**). (*Id.*, Request No. 18).

      15. At no time after September 7, 2010, *i.e.*, after receipt of the September 7, 2010, e-mail (**Ex. 1031**), did Plaintiff request that Frontier and/or RAH recalculate her hours worked for FMLA and/or Wisconsin FMLA leave request purposes. (*Id.*, Request No. 19).

      16. On September 13, 2010, Plaintiff had the following e-mail exchange with Barbie Butler, former employee with RAH's Leave of Absence department:

> 9/13/2010 8:37 a.m. – email from Barbie Butler to Roter:
>
>> I wanted to follow up and clarify with you on your FLA. You are currently qualified under Wisconsin law in which you have worked over 1,000 hours. Wisconsin FMLA only qualifies you to use up to 2 weeks (80 hours) in a 12 month period and not 480 hours in stated on your original approval letter.
>>
>> Please contact me if you have any other questions.
>
> 9/17/2010 3:15 p.m. – email from Plaintiff to LOA // cc: Jason J. Lehrman
>
>> Barbie,
>>
>> Thank you for getting everything straightened out. I used 5hrs of FMLA today due to a blood pressure spike and vomiting. I also saw my DR today and have a written excuse also. My supervisor and scheduling have been notified. I also left you a voice mail today regarding my sickness today. Have a good weekend.

(*See* D 000258, part of **Ex. 1031**). (*Id.*, Request No. 20).

      17. **Exhibit 1032** (Bates stamped D 000626 – 639) is a true and accurate summary of the hours worked by Plaintiff for Frontier during the time period of December 31, 2009, through August 9, 2011. (*Id.*, Request No. 21).

      18. The last day that Plaintiff performed any work for Frontier was August 9, 2011. (*Id.*, Request No. 22).

      19. At no time during the time period of June 1, 2011, through August 23, 2011, did

- 6 -

Plaintiff's hours worked reach (or rise above) 1250 hours in the preceding twelve (12) month time period. (*See* D 000625-638, **Exhibit 1032**). (*Id.*, Request No. 23).

20. **Exhibit 1033** (Bates stamped D 000625) accurately summarizes Plaintiff's absences designated by Frontier as leave days used by her pursuant to the Wisconsin FMLA. (*Id.*, Request No. 24.

**Dated: October 14, 2014**

Respectfully submitted,

s/ David J. Carr
David J. Carr, Attorney No. 4241-49
Paul C. Sweeney, Attorney No. 20392-29

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

Attorneys for Defendants, Frontier Airlines, Inc. and Republic Airways Holdings Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and forwarded a copy of the filing via United States, first-class mail, to the following:

Dafina Roter Velyov
Plaintiff Pro Se
26118 Barberry Lane
Windlake, WI 53185

                                           s/ David J. Carr

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

I/3914930.1