# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAFINA ROTER VELYOV,**

      Plaintiff,

-vs-                              Case No. 14-C-0071

**FRONTIER AIRLINES, INC. and**
**REPUBLIC AIRWAYS HOLDINGS INC.,**

      Defendants.

# DECISION AND ORDER

This action arises out of Plaintiff Dafina Roter Velyov's ("Roter") claims against Frontier Airlines Inc. and Republic Airways Holdings Inc. (collectively the "Defendants") for alleged discrimination and retaliation on the basis of Roter's recurring health conditions and her need to take medical leave from work. (Compl. 3-6.) (ECF No. 1.) Roter represents herself in this lawsuit and has filed claims under the Family and Medical Leave Act ("FMLA") and the Wisconsin Fair Employment Act ("WFEA").[1] (*Id.*)

This Decision and Order addresses the Defendants' motion for

---

[1] Roter's Health Insurance Portability and Accountability Act of 1996 claim was dismissed in the Court's January 30, 2014, Decision and Order. (Decision and Order 6) (ECF No. 4.)

partial judgment on the pleadings to dismiss the discrimination and retaliation claims under the WFEA, (Defs.' Mot. J. Plead.) (ECF No. 20), and some recent filings by Roter (ECF No. 32).

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12(c) the Defendants assert that Roter's claims under the WFEA should be dismissed because a plaintiff can bring a private cause of action under the WFEA only in limited circumstances, which are not present in this case. (Defs.' Mem. Supp. Mot. J. Plead. 5.) (ECF No. 21.) In their reply brief, the Defendants also assert the motion should be granted because Roter did not file a timely response brief. (ECF No. 27.)

*Standard of Review*

A defendant cannot succeed on a Rule 12(c) motion unless "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). In order for the Defendants to succeed they "must demonstrate that there are no material issues of fact to be resolved." *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Because Rule 12(c) motions are reviewed under the same standard as Rule 12(b) motions, *id.*, this Court must "construe the

complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Additionally, "pro se petitions are to be construed liberally . . . ." *Ambrose v Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014). "Rule 12(c) permits a judgment based on the pleadings alone." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

## *Factual Background[2]*

Roter was employed by Midwest Airlines[3] through August 2011. (Compl. 4.) In July 2010, Roter had recurring health issues and applied for FMLA leave, which was approved. (*Id.*) When she was out on leave, Roter's managers called her several times while she was at appointments or was resting. (*Id.* at 5.) During her FMLA leave Roter was written up for attendance violations, and her employment was subsequently terminated. (*Id.*) Roter seeks compensatory and punitive damages. (*Id.* at 6.)

## *Failure to File a Timely Response*

Pro se pleadings are to be construed liberally and "held to standards

---

[2] Pursuant to the standard of review for Rule 12(c) motions, this factual background is based on the facts of the complaint which are to be taken as true.

[3] Midwest Airlines later became Frontier Airlines.

less stringent than formal pleadings drafted by attorneys." *See Ambrose*, 749 F.3d at 618. However, this does not completely exempt pro se litigants from complying with federal and court filing rules. *See Pearle Vision, Inc. v Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

Pursuant to Civil L. R. 7(b) (E.D. Wis.), Roter had 21 days in which to file her response to Defendants' motion for partial judgment on the pleadings. Roter failed to file a response within that period.

It is within the Court's discretion to grant the motion for failing to meet the deadline. *See* Civil L. R. 7(d). However, having considered the circumstances, the Court admonishes Roter that in the future she must comply with all federal and local rules.

*Private Cause of Action Under WFEA*

When faced with a state statute a federal court must look to holdings of the state courts to determine how the statute is interpreted. *See Morley-Murphy Co. v. Zenith Elec. Corp.*, 142 F.3d 373, 376 (7th Cir. 1998). In *Yanta v. Montgomery Ward & Co., Inc.*, 66 Wis.2d 53, 62, 224 N.W.2d 389, 394 (Wis. 1974), the Wisconsin Supreme Court allowed a plaintiff to bring a private cause of action under the WFEA because back pay was not an available remedy during the administrative proceedings, but was made statutorily available after the proceedings had been

adjudicated.

In *Bachand v. Connecticut General Life Insurance Co.*, 101 Wis.2d 617, 625, 305 N.W.2d 149, 152-53 (Wis. Ct. App. 1981), the Wisconsin Court of Appeals interpreted the *Yanta* decision as the exception to the general rule and held that a person could not bring a private cause of action under the WFEA except under the limited factual circumstances that were present in *Yanta*. The court explained that a plaintiff can bring a private cause of action under the WFEA only when "(1) the legislature provides a new remedy . . . (2) for a proven statutory violation which previously was not available in the administrative process, and (3) which new remedy was not available to the plaintiff in the DILHR [Wisconsin Department of Industry and Human Relations] action simply because the amendment came too late." *Id.*

The federal district courts in Wisconsin disagree regarding whether the WFEA provides for a private cause of action.[4] This Court previously held "the WFEA does not create a private cause of action beyond those particular factual circumstances examined in *Yanta* and circumscribed by

---

[4] *Compare Martin v. Nw. Mut. Life Ins. Co.*, No. 05-C-0209, 2006 WL 897751, at *4 (E.D. Wis. Mar. 31, 2006) (holding that a person can bring a private cause of action under the WFEA only under limited factual circumstances) *with Shanahan v. WITI-TV, Inc.*, 565 F. Supp. 219, 223 (E.D. Wis. 1982) (holding that as a general rule a person has an implied right to bring a private cause of action under the WFEA.)

*Bachand.*" *Martin*, 2006 WL 897751, at *4. However, after *Martin*, amendments to the WFEA created by 2009 Wisconsin Act 20 allowed a person prevailing on an administrative WFEA claim to bring a private cause of action for compensatory and punitive damages. *See Jones v. Int'l Ass'n of Bridge Structural Ornamental and Reinforcing Iron Workers*, 864 F.Supp. 2d 760, 767 (E.D. Wis. 2012). The 2009 amendments were subsequently repealed by 2011 Wisconsin Act 219. So what does this mean for a plaintiff?

The answer is provided by Wis. Stat. § 990.04 which states:

> The repeal of a statute hereafter shall not remit, defeat or impair any civil or criminal liability for offenses committed, penalties or forfeitures incurred or rights of action accrued under such statute before the repeal thereof, whether or not in course of prosecution or action at the time of such repeal; but all such offenses, penalties, forfeitures and rights of action created by or founded on such statute, liability wherefore shall have been incurred before the time of such repeal thereof, *shall be preserved and remain in force notwithstanding such repeal, unless specially and expressly remitted, abrogated or done away with by the repealing statute*.

(Emphasis added).

Because 2011 Wisconsin Act 219 makes no mention of Wis. Stat. § 990.04 and the ability of a person to bring a private cause of action under

the WFEA based on discrimination occurring during the time 2009 Wisconsin Act 20 was in place, WFEA violations occurring between July 1, 2009[5] and April 19, 2012[6] may still be the basis of a private cause of action for punitive and compensatory damages.

Because the alleged discrimination against Roter occurred during this time period, she could bring a private cause of action under the WFEA for compensatory and punitive damages if she had prevailed in administrative WFEA proceeding against one or more of the defendants. However, there is no indication of any administrative hearing finding that the Defendants discriminated against Roter. Therefore Roter does not have a private cause of action under the WFEA. For this reason, the Defendants' motion for partial judgment on the pleadings is granted.

## RECENT FILINGS

On September 26, Roter filed an eight-page letter and attachments. The letter appears to be providing information in response to the Defendants' discovery requests. Roter is advised that "during the discovery phase of the case, the *parties exchange information* about the

---

[5] Effective date for 2009 Wisconsin Act 20 which amended Wis. Stat. § 111.39(4)(d) and created Wis. Stat. §§ 111.39(5)(d) and 111.397 thereby allowing the private cause of action under the WFEA.

[6] Effective date for 2011 Wisconsin Act 219 which repealed Wis. Stat. §§ 111.39(5)(d) and 111.397 and amended Wis. Stat. § 111.39(4)(d).

case. This may include exchanging documents, presenting interrogatories, or conducting depositions." Answers to Pro Se Litigants' Common Questions, 14 (May 1, 2013 E.D. Wis.) (available at http://www.wied.uscourts.gov (under Pro Se Resources)). (Emphasis added.) The information Roter is exchanging with the Defendants need not be filed with the Court.

Roter's letter also states that she has asked all but one of the individuals she intends to call as witnesses at trial to write letters on her behalf and make statements and to provide them to her in time to be filed by January 5, 2015. That date corresponds with paragraph five of the scheduling order which provides that "[o]n or before January 5, 2015, the plaintiff must notify the defendants of any expert witnesses the plaintiff may call at trial, and must submit with that notice a report containing all the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or the plaintiff will be barred from calling such witnesses as experts at trial." (ECF No. 29.)

The January 5, 2015, deadline does not apply to lay witnesses — only expert witnesses. A lay witness' testifies "based upon [his or her] own observations, with the classic example being testimony as to one's sensory observations." *United States v. Jones,* 739 F.3d 364, 369 (7th Cir. 2014).

An expert witness provides "[t]estimony which goes beyond the observations that a normal person could make, and is based instead on the specialized knowledge obtained through experience," skill, training or education and is subject to the disclosure requirements of paragraph five of the scheduling order. *See id.* Civil Local Rule 26(b) also provides information about persons who must provide expert reports. Again, any such information regarding experts must be provided to the Defendants but need not be filed with the Court. There is no requirement that lay witnesses provide reports.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Defendants' motion for partial judgment on the pleadings dismissing the WFEA claim (ECF No. 20) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2014.

                                      **BY THE COURT:**

                                      *[signature]*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**