# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

---

DAFINA ROTER VELYOV,

      **Plaintiff,**

    **-vs-**                              **Case No.:  2:14-cv-00071-PP**

**FRONTIER AIRLINES, INC. and
REPUBLIC AIRWAYS HOLDINGS INC.,**

      **Defendants.**

---

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

The Defendants, Frontier Airlines, Inc., and Republic Airways Holdings Inc. ("Defendants"), by counsel, respectfully request that the Court deny Plaintiff, Dafina Roter Velyov's ("Plaintiff"), Motion for Extension of Time ("Plaintiff's MET") (ECF No. 38) because she failed to show the requisite good cause and excusable neglect required pursuant to Fed. R. Civ. P. 6(b)(1)(B).

> We live in a world of deadlines. If we're late for the start of a game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

*Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996).

As more fully discussed below, the Court has provided Plaintiff multiple opportunities to follow this Court's orders as well as the federal and local rules.  She failed to do so in the past as well as in her most recent filing.

The Court likewise, *sua sponte*, already provided Plaintiff with a 60+ day extension to respond to Defendant's motion for summary judgment. Plaintiff failed to take action prior to the expiration of this deadline. There exists no good cause, nor excusable neglect, warranting another extension. The Court should deny Plaintiff's MET and grant Defendants' Motion for Summary Judgment (ECF No. 33), either on the merits (Defendant's memorandum in support (ECF No. 34)) or due to Plaintiff's failure to prosecute her claim as this Court warned Plaintiff it would do in its December 4, 2014, Decision and Order. (*See* ECF No. 37).

## I. BACKGROUND PROCEDURAL FACTS

Plaintiff stands before this Court having received a multitude of chances, admonitions and directives. The following illustrates the background facts before this Court on Plaintiff's MET.

**A.     Plaintiff has been admonished twice already, to no avail, as to the Court's requirement that she follow the Federal Rules of Civil Procedure and this Court's Local Rules.**

On July 1, 2014, the Court instructed Plaintiff as follows:

> Velyov advised that if she represents herself in this action, ***she must respond to Defendants' counsel and obey the federal and local procedure rules***.

(Scheduling Conference Call Minutes, at p. 2 (ECF No. 23) (emphasis added)).

On October 16, 2014, in its Decision and Order granting Defendants' Partial Motion for Judgment on the Pleadings, the Court admonished Plaintiff as follows:

> It is within the Court's discretion to grant the motion for failing to meet the deadline. *See* Civil L.R. 7(d). However having considered the circumstances, the Court admonishes Roter ***in the future she must comply with all federal and local rules***.

(Decision and Order, at p. 4 (ECF No. 36) (emphasis added)). The Court should not permit Plaintiff, for a third time, to act contrary to the rules.

- 2 -

**B.  Plaintiff failed to file a timely response to Defendants' motion for summary judgment.**

"Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion."  Civil L.R. 7(d).  On October 14, 2014, Defendants filed their motion for summary judgment.  (ECF No. 32).  Pursuant to Civil L.R. 56(b)(2) and Rules 5(b)(2)C), 6(a)(1)(C) and 6(d), Plaintiff's materials in opposition to Defendants' motion for summary judgment stood due on November 17, 2014.  Plaintiff filed nothing by this date.

**C.  The Court, *sua sponte*, provided Plaintiff a sixty-two (62) day extension of time to respond to Defendants' Motion for Summary Judgment (see ECF No. 37).**

On December 4, 2014, the Court, *sua sponte*, first noting Plaintiff's failure to file anything, gave Plaintiff ***one last chance*** to follow the federal and local rules and file materials in opposition to Defendants' motion for summary judgment:

> To date, Roter has not filed any response to the summary judgment motion, and the time allotted by this District's Civil Local Rule 56(b)(2) for filing the response has passed.  Roter filed a late response to the Defendants' previous motion for judgment on the pleadings and was advised that it was within the Court's discretion to grant the motion due to her failure to meet the deadline. However, based on the circumstances the Court instead admonished Roter that in the future she would be required to comply with all federal and local rules. Again, the Court is faced with her failure to file a timely response.
>
> In an exercise of its discretion, the Court will extend the time for Roter to file any response to the Defendants' summary judgment motion.  Roter must file her response no later than January 15, 2015.  Roter is advised that if she fails to properly address the Defendants' proposed findings of fact, the Court may consider the fact(s) undisputed for purposes of the motion and/or grant the summary judgment motion. See Fed. R. Civ. P. 56(e)(2)-(3); Civ. L.R. 56(b)(4) (E.D. Wis.).  Rotor is further advised that if she does not file any response to the motion, the Court may dismiss the action for failure to prosecute "with or without prejudice." See Civ. L.R. 41(c).

**NOW, THEREFORE, BASED ON THE FOREGOING,
IT IS HEREBY ORDERED THAT:**

Roter **MUST FILE** her response to the Defendants'
summary judgment motion **no later than January 15, 2015**.

(Decision and Order, at pp. 1-3 (ECF No. 37) (emphasis in original)).[1]

**D. Plaintiff violated the Court's order that she MUST file her response
by 1/15/2015.**

January 15, 2015, came and went without Plaintiff filing her response to Defendants'

summary judgment motion. Plaintiff's inaction stands in direct violation of this Court's

December 4, 2014, Decision and Order.

**E. Plaintiff failed to submit a brief in support or a notice that she is not
filing one in support of Plaintiff's MET per the local rule.**

On January 21, 2015, six (6) days after the due date for her response to Defendants'

motion for summary judgment, Plaintiff filed Plaintiff's MET. Pursuant to Civil L.R. 7(a),

Plaintiff was required to file a supporting memorandum or a certificate stating that no

memorandum or other supporting papers will be filed. Plaintiff did file what she considered to

be "supporting papers." As noted below, the materials submitted by Plaintiff fail to support a

need for yet another 60-day extension to respond to Defendants' motion for summary judgment.

**II. ARGUMENT**

A court may extend a deadline after it has expired only on motion, for good cause shown,

and if the movant's failure to meet the deadline was due to excusable neglect. *See* Fed. R. Civ. P.

6(b)(1)(B). Unquestionably, Plaintiff filed her MET after the due date for her opposition to

Defendants' motion for summary judgment. Thus, she must show good cause and excusable

neglect for her late request for more time. Plaintiff's "basis" for her late extension request

---

[1] On January 30, 2014, the Court also warned the Plaintiff as follows: "Roter is further advised that the failure to make a timely submission may result in the dismissal of this action for failure to prosecute." Decision and Order at p. 7, ECF No. 4.

appears to be doctors' visits of both herself and her daughter (all prior to the original deadline for her summary judgment filings), her ongoing medical condition (that pre-dates this lawsuit), recent family issues, and her *pro se* status. (*See* ECF No. 38). Although Defendants continue to hold sympathy for the Plaintiff due to her ongoing issues and medical condition, the same fails to qualify as good cause or excusable neglect for her late request for an extension. Plaintiff's *pro se* status likewise does not stand as a basis for an extension or for acting contrary to the federal and local rules and this Court's orders.

The Supreme Court offers that "'excusable neglect' under Rule 6(b) is a somewhat elastic concept." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993) (footnote omitted). "Excusable neglect" includes, in appropriate circumstances, "inadvertence, mistake, or carelessness, as well as ... intervening circumstances beyond the party's control." *Id.* at 388. The determination of whether a party's neglect of a deadline is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The Justices have labeled this "excusable neglect" hurdle as the "greatest" substantive obstacle of all. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 897, 110 S.Ct. 3177, 3193 (1990).

The *Pioneer Inv. Serv. Co.* Court set forth the following factors to be considered in determining excusable neglect: (1) the prejudice to the opponent; (2) the length of the delay and its potential impact on the course of judicial proceedings; (3) the causes for the delay, and whether those causes were within the reasonable control of the moving party; (4) the moving party's good faith; (5) whether the omission reflected professional incompetence, such as an ignorance of the procedural rules; (6) whether the omission reflected an easily manufactured excuse that the court could not verify; (7) whether the moving party had failed to provide for a consequence that was readily foreseeable; and, (8) whether the omission constituted a complete

lack of diligence. *Pioneer Investment Services Co.*, 507 U.S. at 390-95; *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). Neither "repeated, willful and recalcitrant conduct" nor reckless disregard for deadlines need be shown before a court strictly enforces its deadlines. *Raymond*, 442 F.3d at 607 (*quoting Wienco, Inc. v. Katahn Assocs. Inc.*, 965 F.2d 565, 568 (7th Cir.1992)).

Rule 6(b) "clearly gives courts both the authority to establish deadlines and the discretion to enforce them." *Raymond*, 442 F.3d at 605. The determination of excusable neglect is made in the context of the courts' duty to enforce deadlines in order to keep their caseloads moving:

> The district courts must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action. See Rule 1; Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471–482; Judicial Conference of the United States, *Long Range Plan for the Federal Courts* at 66 (1995). Part of that job means that they are entitled—indeed they must—enforce deadlines. Necessarily, they must have substantial discretion as they manage their dockets. Consequently, this Court reviews decisions such as the district court's refusal here to grant the Reales a fourth extension of time only for abuse of discretion.

*Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir.1996).

In this matter and by the numbers listed as factors to be considered by the *Pioneer Investment Services Co.* court, neither excusable neglect nor good cause exists:

1. <u>Prejudice:</u> Defendants are prejudiced by having already lost 60+ days on Plaintiff's delay and the discovery time clock is ticking – she now wants an additional 60 days, which just adds further prejudice;

2. <u>Length of Delay:</u> The length of delay has already caused problems on Defendants' side with discovery because Defendants, believing they stand entitled to summary judgment, are delaying further discovery until this Court's ruling on the merits of their motion for summary judgment;

3. <u>Cause of Delay:</u> There was no justifiable cause for the

- 6 -

delay: (a) all of the doctors' visits referenced by Plaintiff in her supporting materials occurred prior to the original summary judgment deadline; and, (b) Plaintiff's *pro se* status and personal issues have been ongoing in this case and fail to stand as valid reasons to thwart Court orders and the federal and local rules;

4. <u>Good Faith:</u> Plaintiff's ongoing inability to follow the rules indicates a lack of good faith;

5. <u>Professional Incompetence:</u> Plaintiff's actions reflect ongoing ignorance, defiance and/or a lack of concern for the procedural rules;

6. <u>Manufactured Excuse Not Easily Verifiable:</u> The deaths in Plaintiff's family likely can be verified should Plaintiff provide support, which she failed to do; however, these unfortunate events do not constitute excusable neglect since Plaintiff could have acted within the original and extended due dates;

7. <u>Readily Foreseeable:</u> Plaintiff failed to provide adequate evidence for the Court to conclude that lack of foreseeability played a material role in these multiple delays; and,

8. <u>Lack of Diligence:</u> Plaintiff has shown a stunning lack of diligence, repeatedly failing to meet deadlines and follow the federal and local rules and Court Orders in this case.

## III. CONCLUSION

Despite fair warnings and a substantial *sua sponte* extension by the Court, Plaintiff failed to file her opposition summary judgment paperwork and Plaintiff's MET in a timely manner. No excusable neglect or good cause exists. Plaintiff's repeated, willful and recalcitrant conduct and reckless disregard for deadlines strongly support strict enforcement of the already extended deadline and the denial of Plaintiff's MET. Consequently, Defendants respectfully request that the Court deny Plaintiff's MET, grant their Motion for Summary Judgment and award Defendants all other just and proper relief.

- 7 -

Respectfully submitted,

s/ Paul C. Sweeney
David J. Carr, Attorney No. 4241-49
Paul C. Sweeney, Attorney No. 20392-29

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax: (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

Attorneys for Defendants, Frontier Airlines, Inc.
and Republic Airways Holdings Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2015, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, and forwarded a copy of the filing via

United States, first-class mail, to the following:

Dafina Roter Velyov
Plaintiff Pro Se
26517 Roosevelt Lane
Windlake, Wisconsin  53185


s/ Paul C. Sweeney

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax:    (317) 236-2219
david.carr@icemiller.com
paul.sweeney@icemiller.com

- 8 -