UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVINA A. ROTER VELYOV,  Case No. 14-cv-71-pp

    Plaintiff,

v.

FRONTIER AIRLINES, INC.
REBUBLIC AIRWAYS HOLDINGS, INC.

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

    The plaintiff, representing herself, filed this complaint on January 21, 2014—over a year ago now. On July 1, 2014, Judge Randa (the predecessor judge in this case) held a scheduling conference. The resulting order gave the plaintiff time to find a lawyer to represent her. By August 4, 2014—the next hearing date—the plaintiff had not found a lawyer. Accordingly, Judge Randa scheduled the usual Rule 16 deadlines. He set the deadline for parties to file dispositive motions for June 15, 2015.

    Well ahead of that deadline, on October 14, 2014, defendants Frontier Airlines and Republic Airways Holdings, Inc. filed a motion for summary judgment. Pursuant to the Eastern District's local rules, the plaintiff had thirty (30) days from the date that motion was served on her to file her response—in other words, she had until roughly November 13 to respond. L.R. 56(b)(2).

    November 13 came and went, with no response from the plaintiff. On December 4, 2014—some three weeks *after* the plaintiff's response was due—

1

Judge Randa, on his own initiative, issued an order. In this order, he noted that this wasn't the first time the plaintiff had failed to file a response by the appropriate deadline (she'd filed a late response to the defendants' motion for partial judgment on the pleadings), and that while a court had the discretion to accept a late-filed pleading, it was the plaintiff's obligation to comply with all federal and local rules—including those setting deadlines.

Despite the fact that this was the second time the plaintiff had missed a deadline, however, on December 4, 2014, Judge Randa exercised his discretion to give the plaintiff additional time to respond to the summary judgment motion. He extended the deadline to January 15, 2015. He advised the plaintiff that if she failed to file her response, the court had the authority to dismiss her case for failure to prosecute, "with or without prejudice." In the very last sentence of his order, Judge Randa stated, "Rotor **MUST FILE** her response to the Defendants' summary judgment motion **no later than January 15, 2015.**"

January 15, 2015—the bold-faced deadline that Judge Randa set in his December 4 order—came and went, and again, the plaintiff did not file a response to the summary judgment motion. Six days later, the court received a letter from the plaintiff, asking the court to again extend the deadline for her to respond to the motion for summary judgment. She asks the court for an additional sixty (60) days to file this response. The letter is four pages long, and goes into detail about some medical issues the plaintiff has suffered. Notably, the time period during which the plaintiff was dealing with these

serious issues was between September 24, 2014 and October 15—a time period *before* Judge Randa, on his own without hearing anything from the plaintiff—gave her more time to file her response. She also argues that her children have had some medical problems and that she has had two deaths in her family. Finally, she argues that she has documents that demonstrate that the defendants violated federal employment and leave statutes.

The defendants have responded to the plaintiff's request for an additional sixty days. They argue that the court already has given the plaintiff extensions of time, and that she's failed to abide by those extensions. They also argue that the plaintiff has not demonstrated that her failure to timely file a response was due to "excusable neglect," the standard required by Fed. R. Civ. P. 6(b)(1)(B). *See, e.g., Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 382 (1993).

The court is not going to grant the plaintiff's request. The defendants cite in their brief a quote from the Seventh Circuit Court of Appeals:

> We live in a world of deadlines. If we're late for the start of a game or the movie, or for the departure of the plain or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

*Spears v. City of Indianapolis*, 74 F.3d 153 (7th Cir. 1996). In this case, Judge Randa set several deadlines. The plaintiff has missed those deadlines. Even in this situation, where she asks for yet another deadline, she did not file her motion asking for a new deadline until after the old deadline had passed.

3

The court understands, from reading the plaintiff's complaint, her letters, and her response to the defendants' motion for partial judgment on the pleadings that she has confronted many obstacles in her life. She has suffered numerous health issues, and must take care of children even as she tries to take care of herself. She represents that she has suffered some personal tragedy in losing family members. She struggles to represent herself in a complex area of the law. This is a lot for any person to have to deal with, even without being involved in a lawsuit.

The plaintiff, however, filed this suit. She hasn't been hailed into court against her will—she has chosen to come into court to pursue a case against others. When a person chooses to come into court and use the court system to seek relief, that person agrees to follow the rules of that court. Things happen in people's lives—deaths, job losses, illnesses, divorces—which courts can take into consideration when deciding whether to excuse a person's failure to abide by those rules. But generally, when a court sets a deadline, the court expects—and the system demands—that parties abide by that deadline. This is especially true when the court already has exercised its discretion to accept one late filing, and has, of its own accord, extended another deadline.

The deadline for the plaintiff to file her response to the defendants' motion for summary judgment has passed, without her filing a timely response. While Judge Randa suggested that he might dismiss the plaintiff's lawsuit if she did not abide by the January 15, 2015 deadline, this court will not dismiss

the plaintiff's case at this time. Accordingly, the court now has before it the defendants' motion for summary judgment.

In their opposition brief, the defendants ask the court not only to deny the plaintiff's request for an extension of time to respond, but they ask the court to grant their motion for summary judgment. The court declines the second request. It is not appropriate to grant a motion for summary judgment as some sort of punishment to a party who has failed to timely file pleadings. Rather, a court grants a motion for summary judgment only if that motion demonstrates that there is no genuine issue of material fact in dispute, and that the moving party is entitled to judgment as a matter of law. The court cannot make that determination in this or any other case until it reviews the motion.

**WHEREFORE**, the court **DENIES** the plaintiff's January 21, 2015 letter motion for an extension of time. The court will review the defendants' motion for summary judgments and the attachments, and will notify the parties if it requires a hearing on that motion. All other dates described in Judge Randa's August 4, 2014 scheduling order remain in effect.

Dated at Milwaukee this 5th day of February, 2015.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Court**

5