IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAFINA A. ROTER VELYOV,

Plaintiff,

Case No. 14-cv-71-pp

v.

FRONTIER AIRLINES INC.,
and REPUBLIC AIRWAYS HOLDINGS INC.,

Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. Introduction

The *pro se* plaintiff Dafina Velyov, filed a complaint on January 21, 2014, alleging violations of the Family and Medical Leave Act, the Wisconsin Fair Employment Act, and the Health Insurance Portability and Accountability Act. Docket #1. See also Docket #4 at 3-4. On October 14, 2014, the defendants, Frontier Airlines Inc. and Republic Airways Holdings Inc., filed a motion for summary judgment, seeking to dismiss the FMLA and WFEA claims. While the court gave the plaintiff additional time to file her response, it denied her last request for an extension, and the plaintiff has not filed a response to the motion for summary judgment. Therefore, the court accepts as undisputed the facts the defendants presented in their motion and proposed findings of fact. FirstMerit Bank N.A. v. Koenig, No. 13-CV-534, 2014 WL 2743190 at *4 (W.D. Wis. June 17, 2014).

1

## II.   Facts

The plaintiff became a customer service agent for Midwest Airlines on September 8, 2003. Docket #35 at ¶1. Republic Airlines, a subsidiary of defendant Republic Airways Holdings Inc., acquired Midwest Airlines in 2009; the plaintiff became an employee of Republic Airlines at that time. Id. at ¶2. When RAH acquired Frontier Airlines in October of 2009, the plaintiff became an employee of Frontier. Id. at ¶3. The plaintiff remained a Frontier employee until August 23, 2011. Id. at ¶4.

Midwest, Republic and Frontier kept a detailed record of the plaintiff's employment history, which included a series of issues related to attendance. Id. at ¶5. See Also Docket #34-1 at 15-91 (containing Exhibits 1001-1025). From April 17, 2006 through August 20, 2011, the plaintiff received fifteen verbal and e-mail warnings related to attendance issues. Docket #35 at ¶5 and Docket #34-1 at 15-91. The companies had three discussions with the plaintiff regarding her attendance, and conducted four performance reviews. Id. On July 9, 2009, the plaintiff received a "last chance agreement related to attendance issues." Id. Starting in April of 2011, Frontier deducted points from the plaintiff's performance balance on four occasions. Id. Finally, on August 23, 2011, Frontier terminated the plaintiff's employment. Id.

These repeated absences violated the defendants' attendance policy. Docket #35 at ¶6. The policy required "an employee" to "notify [the] manager prior to the beginning of a scheduled shift" if the employee would not be attending work. Docket #34-1 at 55. The policy encouraged employees to work

2

with the "manager to assure [the employee] fully understands how to report late arrival or illness locally." Id. The defendants required employees to know the local procedures. Id.

The plaintiff first inquired about FMLA leave on July 23, 2010. Docket #35 at ¶7. See also Docket #34-1 at 60. In the inquiry, the plaintiff indicated that she had experienced an illness "due to [her] health condition." Docket #34-1. The plaintiff submitted the required health certification on August 11, 2010. Docket #35 at ¶7. See also Docket #34-1 at 61-64. In the certification, Dr. William Elliott indicated that the plaintiff had suffered from ongoing hypertension since November 24, 2008. Docket #34-1 at 63. This illness had caused the plaintiff to take extra medication, and at times, had required bed rest. Id. The doctor noted that the plaintiff could experience health issues two to three times in a six-month period, and that the episodes could last one or two days. Id. at 64. When the certification asked for an estimate of "part-time" or "reduced work" that the employee might perform, however, the doctor wrote "0 hours per day; 0 days per week; from 0 through 0." Id.

On August 19, 2010, Frontier denied the plaintiff's FMLA request, because the plaintiff had not worked a total of 1,000 hours "within a rolling calendar year per Wisconsin Law." Docket #35 at ¶10. At that time, Frontier's records indicated that the plaintiff had worked 784 hours. Id. In response, the plaintiff asked the employer to recalculate the hours. Id. at ¶11. The defendants recalculated the hours, and approved the leave request "under the [WFEA]," because the plaintiff had worked 1,119 hours in the rolling year. Id.

3

at ¶¶12-15. Nonetheless, the defendants denied the FMLA request. Id. (For a complete calculation of the plaintiff's hours worked from December 30, 2009 through August 30, 2011, see Docket #34-1 at 77-90.) The plaintiff did not perform any work for the defendants after August 9, 2011. Docket #35 at ¶18. The defendants terminated the plaintiff on September 23, 2011. Id. at ¶5.

### III. Procedural History

The plaintiff filed her complaint on January 21, 2014. Docket #1. The complaint raises three claims: "(1) family and medical leave complaint; (2) equal rights; (3) discrimination complaint under [Wisconsin] fair employment law." Docket #1 at 3. The complaint later states that the plaintiff's supervisors violated "HIPPA laws." Id. With the complaint, the plaintiff filed a "notice of suit rights" from the United States Equal Employment Opportunity Commission, dated October 22, 2013. Docket #1-1. The right-to-sue notice gave the plaintiff ninety days from receipt of the notice to file her appeal in the District Court for the Eastern District of Wisconsin. Id. The plaintiff made a handwritten notation on the document, calculating the ninety day deadline to be January 22, 2014. Id. The plaintiff timely filed the complaint.

With the complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis*. Docket #2. The court granted that motion on January 30, 2014. Docket #13. In that order, the court also allowed the plaintiff "to proceed on Family and Medical Leave Act . . . and Wisconsin Fair Employment Act interference, discrimination, and retaliation claims." Docket #13 at 1. The court dismissed the HIPAA claim. Id.

4

On June 2, 2014, the defendants filed a motion for partial judgment on the pleadings. Docket ##20-21. The motion asked the court to dismiss the WFEA interference, discrimination and retaliation claims. Docket #20 at 1. The court granted that motion on October 16, 2014. Docket #36 at 7. On October 14, 2014, two days prior to the court's order dismissing the WFEA claims, the defendants filed the current motion for summary judgment as to both the FMLA and WFEA claims. Docket #33.

The plaintiff had thirty days to file a response to the defendants' motion for summary judgment. Civ. L. R. 56(b). That deadline passed on Thursday, November 13, 2014, without the plaintiff responding. Despite the fact that the plaintiff had missed the deadline, on December 4, 2014, the court entered an order requiring the plaintiff to respond to the motion by January 15, 2015. Docket #37. Though it had exercised its discretion to extend the time to file the response, the court informed the plaintiff in that order that her failure "to properly address the Defendants' proposed findings of fact" could result in the court considering those facts "undisputed for purposes of the motion," which might cause the court to "grant the summary judgment motion." Id. at 2.

The plaintiff did not respond to the motion by the January 15, 2015 deadline. Instead, on January 21, 2015, almost a week after the extended deadline, the plaintiff filed a motion asking for another extension of time. Docket #38. The plaintiff asked the court to give her an additional sixty days to file her response. Id. at 4. By that time, the plaintiff already had had some ninety days to file a response. The defendants filed a brief in opposition to the

5

motion. Docket #39. On February 5, 2015, the court entered an order denying the motion for extension of time. Docket #40. As a result, this decision addresses the motion as unopposed.

**IV.   Summary Judgment Standard**

Fed. R. Civ. P. 56 governs motions for summary judgment. It allows a party to "move for summary judgment, identifying each claim or defense . . . on which" the party seeks summary judgment. Fed. R. Civ. P. 56(a). If the moving party can show "that there is no genuine dispute as to any material fact" and that that party "is entitled to judgment as a matter of law," the "court shall grant summary judgment," stating "on the record the reasons for granting or denying the motion." Id.

To prove that there are no genuine factual disputes, the moving party must support the motion with "particular parts . . . in the record," such as "depositions, documents . . . affidavits or declarations, stipulations," etc. Fed. R. Civ. P. 56(c)(1)(a). The moving party may show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(b). The court, however, "may consider other materials in the record," and not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

In 1986, the Supreme Court decided two cases which provided guidance to lower courts in determining whether genuine issues of material fact existed. First, in Anderson v. Liberty Lobby, 477 U.S. 242 (1986), the Court noted "that a mere existence of some alleged factual dispute between the parties will not

6

defeat" a motion for summary judgment. Id. at 247-48. The Court defined "genuine" as "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. To defeat a motion, the non-moving party cannot "rest upon the mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The court must make "the threshold inquiry of determining whether there is the need for a trial." Id. at 250. See also O'Leary v. Accretive Health, Inc., 657 F.3d 625 (7th Cir. 2011).

Second, in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Supreme Court explained that Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Id. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case . . . renders all other facts immaterial." Id. The court must enter judgment for the moving party when "the nonmoving party has failed to make a sufficient showing on an essential element of her case." Id. See also O'Leary v. Accretive Health, Inc., 657 F.3d 625 (7th Cir. 2011).

Civil L. R. 56 for the Eastern District of Wisconsin provides additional guidelines for parties filing motions for summary judgment. It requires the moving party to file the following documents with its motion:

> (A) a memorandum of law; (B) a statement setting forth any material facts to which all parties have stipulated; (C) a statement of proposed material facts as to which

> the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law; and (D) any affidavits, declarations, and other materials.

Civ. L. R. 56(b). The defendants filed these documents on October 14, 2014. See Docket ##33-35. Further, the opposing party has thirty days from service of the motion to file a response or objection, and the movant has fourteen days from service of the response to file a reply. Civ. L. R. 56(b). Finally, Civil Local Rule 7(e) allows the court to hear oral argument at its discretion. Civ. L. R. 7(e).

Civil L. R. 56(a) places additional requirements on the moving party when the non-moving party is not represented by counsel. Specifically, the rule requires the movant to "include a short and plain statement that any factual assertion . . . will be accepted by the Court as being true unless the" *pro se* litigant "submits the party's own" factual assertions. Civil L. R. 56(a)(1). The defendants' motion includes this statement. Docket #33 at 1. The local rule also requires the movant to include, in the motion, the text of Fed. R. Civ. P. 56(c), (d), and (e), Civ. L. R. 56(a) and (b), and Civil L. R. (7). The defendants included the text of these rules in their motion. Docket #33 at 2-7.

In this case, the plaintiff has failed to timely respond to the defendants' motion for summary judgment. When that occurs, "the court will . . . accept" the moving party's "proposed facts as undisputed." FirstMerit Bank N.A. v. Koenig, No. 13-CV-534, 2014 WL 2743190 at *4 (W.D. Wis. June 17, 2014) (Peterson, J.) (citing Fed. R. Civ. P. 56(e)(2)). This does not mean, however, that "the court will . . . grant summary judgment simply because [the] motion is

8

unopposed." FirstMerit Bank, N.A., 2014 WL 2743190 at *4. When the non-moving "party completely fails to respond . . . , Rule 56(e) permits judgment for the moving party only if appropriate—that is, if the motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Id. (quoting Johnson v. Gudmundsson, 35 F.3d 1104, 1112 (7th Cir. 1994)). When "the defendants have not advanced their own legal theory of the case and the court" accepts the movant's "proposed facts as admitted, the familiar summary judgment framework applies." FirstMerit Bank, N.A., 2014 WL 2743190 at *4.

**V.      Analysis**

Because the court has dismissed the WFEA claim, this decision addresses only the FMLA portion of the defendants' motion for summary judgment.

> A.    The defendants have proven that no genuine issue of material fact exists, and that they are entitled to summary judgment as a matter of law, on the FMLA issue.

In order to "prevail on an FMLA . . . claim," the plaintiff must prove five elements: (1) eligibility for FMLA protection; (2) that the FMLA covered the employer; (3) an entitlement to FMLA leave; (4) sufficient notice of intent to take FMLA leave; and (5) a denial of the right to FMLA benefits. Nicholson v. Pulte Homes Corp., 690 F.3d 819, 825 (7th Cir. 2012) (citing Burnett v. LFW Inc., 472 F.3d 471, 477 (7th Cir. 2006)). The defendants assert that the plaintiff is

9

unable to prove the first element—eligibility—as a matter of law, and thus that the court should grant their motion for summary judgment on the FMLA claim.

"Under the FMLA, eligible employees are entitled to 12 weeks unpaid leave per year for various reasons, including a 'serious health condition' rendering the employee unable to perform his or her job." Kauffman v. Federal Exp. Corp., 426 F.3d 880, 884 (7th Cir. 2005). The Seventh Circuit "ensure[s] this entitlement" by making "it 'unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided." Id. (citing 29 U.S.C. §2615(a)(1)). An interference may take the form of terminating the employment "for taking part in proceedings or inquiries under FMLA." Id.

Title 29 U.S.C. §2617(a)(1) holds an employee liable for damages if it violates 28 U.S.C. §2615 (interference with rights, proceedings, or inquiries), but only "to [an] eligible employee." 29 U.S.C. §2617(a)(1). The statute defines an "eligible employee" as "an employee who has been employed—for at least 12 months by the employer with respect to whom leave is requested . . . and for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. §2611(2)(A)(i)—(ii). "The determination for whether an employee meets the hours of service requirement and has been employed . . . for at least 12 months must be made as of the date the FMLA leave is to start." 29 C.F.R. §825.111(d) (2013).

The plaintiff requested FMLA leave on July 23, 2010. Docket #35 at ¶7. Pursuant to 29 C.F.R. §825.111(d), then, the defendants needed to calculate

10

how many hours she'd worked in the twelve months prior to July 23, 2010 to determine whether she was eligible under the FMLA. The defendants made these calculations, and determined that the plaintiff had only worked 784 hours in the preceding twelve months. Accordingly, the defendants denied the plaintiff's request. Id. at ¶10.

The plaintiff then asked the defendants to recalculate the hours. The defendant did so, and came up with the re-calculation results on September 7, 2010. As of that date, the defendants concluded that the plaintiff had worked a total of 1,119 hours in the preceding twelve-month period. Id. at ¶11-15.

The plaintiff's last day of work was August 9, 2011; the defendants terminated her on August 23, 2011. Id. at ¶5. The defendants' undisputed facts indicate that at no time during the period between June 1, 2011 and the date the defendants terminated the plaintiff did she accrue 1,250 hours over a twelve-month period, as required in §2611(2)(A)(i)—(ii). Docket #34 at 10-11. Therefore, the defendants denied the FMLA request. Docket #35 at ¶13.

The defendants note that the plaintiff made no additional requests for FMLA leave, nor did she indicate an intention to do so. Docket #34 at 11. She made a single request on July 23, 2010, and at that time, was not eligible. She ask the defendants to reconsider their eligibility calculations; the defendants did so, and still, the plaintiff was not eligible. The defendants state, in facts which the court must accept because they are undisputed, that the defendant never accrued 1,250 hours in a twelve-month period from the time she asked for FMLA leave until her termination. They assert that after they denied the

11

FMLA claim. See 29 U.S.C. §2617(a)(1) and Nicholson v. Pulte Homes Corp., 690 F.3d 819, 825 (7th Cir. 2012) (citing Burnett v. LFW Inc., 472 F.3d 471, 477 (7th Cir. 2006)).

**WHEREFORE**, the court **GRANTS** the motion for summary judgment filed by Frontier Airlines Inc. and Republic Airways Holdings Inc.

Dated at Milwaukee, this 26th day of May, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Court Judge